BEHRLE, APPELLANT, *v.* BEAM, APPELLEE.

[Cite as Behrle *v.* Beam (1983), 6 Ohio St. 3d 41.]

(No. 82-1141—Decided July 20, 1983.)

*Messrs. Pickrel, Schaeffer & Ebeling, Mr. Frank M. Root* and *Mr. William L. Havemann,* for appellant.

*Messrs. Cohen, Gregg, Slonaker & Laurito, Mr. Douglas B. Gregg* and *Mr. Michael P. Moloney,* for appellee.

HOLMES, J. In Ohio, by Section 1, Article IV of the Ohio Constitution, the General Assembly has been given the power to provide for municipal courts and their jurisdiction. The General Assembly alone may provide for the creation of these courts and their jurisdictional powers. *State, ex rel. Ramey,* v. *Davis* (1929), 119 Ohio St. 596. For many years, the municipal courts serving the various cities in Ohio were separately created, each by special acts, and with various monetary jurisdictions. However, in 1951, the

General Assembly determined in essence that there was a basic soundness in uniformity and enacted the Municipal Court Act which repealed all of the former acts and enacted the provisions now governing the municipal courts throughout the state.

The sections of the Municipal Court Act which provide for the jurisdiction of the municipal courts in Ohio, and which are pertinent to this consideration, are R.C. 1901.17 and 1901.18, which sections, in pertinent part, are as follows:

R.C. 1901.17, monetary jurisdiction:

"A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed ten thousand dollars."

R.C. 1901.18, jurisdiction of subject matter:

"Subject to section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory:

"* * *

"(C)   In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto."

In regard to the general jurisdiction of the municipal courts in Ohio, it is stated in 22 Ohio Jurisprudence 3d 577, Courts and Judges, Section 361:

"Subject to the provision of the Municipal Court Act limiting the jurisdiction of the court on the basis of the amount in controversy, a municipal court has original jurisdiction within its territory, in any civil action, of whatever nature or remedy, wherein judges of the county court have jurisdiction; in any action or proceeding at law for the recovery of money or personal property of which the Court of Common Pleas has jurisdiction; in any action or proceeding for the sale of personal property under chattel mortgage, lien, encumbrance, or other charge [see Uniform Commercial Code, Article 9, R.C. Chapter 1309], for the foreclosure or marshaling of liens thereon and the rendering of personal judgment; in any action or proceeding in the nature of interpleader; and in various other specified actions."

Accordingly, it was held by the Court of Appeals for Franklin County in *Blenheim Homes, Inc.* v. *Mathews* (1963), 119 Ohio App. 44 [26 O.O.2d 142], where, in a municipal court action, based upon a land contract, for forcible entry and detainer and for rent, the answer of defendant constitutes a counterclaim by asserting an equitable "defense" seeking affirmative relief, such court is, pursuant to the provisions of R.C. 1901.18(C), vested with equitable jurisdiction to enforce all rights, legal and equitable, involved in such action. In such case, the determination of the existence of a contractual right to possession is not limited to the face of the contract, but such court may inquire into the validity and enforceability of the provisions thereof.

In accord with this holding of the Court of Appeals for Franklin County, the Court of Appeals for Hamilton County, in *Lauch* v. *Monning* (1968), 15 Ohio App. 2d 112 [44 O.O.2d 239], held that where an action in forcible entry and detainer is based upon a written lease, the municipal court has jurisdiction pursuant to R.C. 1901.18(C) to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract.

We hold that these appellate cases are in accord with the intent and meaning of these sections of the Uniform Municipal Court Act to the effect that municipal courts have been granted equitable jurisdiction coextensive with that of the common pleas courts to fully deal with all aspects and claims that may arise in actions at law based upon contract, subject to the provisions of R.C. 1901.17, limiting the jurisdiction of municipal courts to cases where the *amount claimed* by any party, or personal property sought to be recovered, does not exceed ten thousand dollars.

The court of appeals held that the appellee here sought specific performance of the land contract in his counterclaim, rather than money damages, therefore the monetary limits of municipal court jurisdiction did not apply. We agree.

An action of forcible entry and detainer is an action at law based upon contract. It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract — in this instance, transferred by way of a lease. Such a proceeding is not an action to determine ownership of the title to the property. Here, it is unquestioned that title was, and is, within the appellant.

Other cases may be found which clearly point out that a forcible entry and detainer proceeding is one at law upon a contract. *Blenheim Homes, Inc.* v. *Mathews, supra; Lauch* v. *Monning, supra; Barr Hotel Co.* v. *Lloyd MacKeown Buick Co.* (1957), 104 Ohio App. 69 [4 O.O.2d 157].

This being an action at law upon a contract, the municipal court did have jurisdiction to fully consider the equitable issues presented within the counterclaim for specific performance of the land contract, as contained within the lessee's option under the lease, and to grant the necessary relief.

The appellant asserts that even though the municipal court could, by virtue of R.C. 1901.18(C), exercise equitable jurisdiction, such would necessarily be limited by the monetary restrictions imposed by R.C. 1901.17, and that since the land contract involved the sum of $170,000 this dollar amount must be looked to as being controlling, and therefore beyond the monetary jurisdiction of the municipal court.

We do not believe this to be the reasonable interpretation of these sections of law read *in pari materia.* We conclude it to be a reasonable interpretation of these statutes that when an action is brought at law upon a contract, and a counterclaim raises equitable issues involving the right to possession under an exercise of an option of purchase within the contract, the municipal court may retain jurisdiction of the matter and hear and determine

all legal and equitable issues and remedies necessary for the complete determination of the rights of the parties. We hold this to be so even though the amount that is involved in the contract is greater than the monetary jurisdiction of the municipal court, as long as no amount greater than the monetary jurisdiction of the court is claimed by the counter-claimant.[1]

In accord with the latter expressed view, we find that in *State, ex rel. Kennelly,* v. *Miller* (1932), 43 Ohio App. 173, the Court of Appeals for Franklin County held that the fact that the purchase price of a land contract, which the vendor declared to be forfeited because of the purchaser's default, exceeded the municipal court's monetary jurisdiction did not defeat the court's jurisdiction over the vendor's forcible detainer action against the purchaser since no money judgment, except costs, was contemplated.

Here, the counterclaim seeks no damages other than attorney fees and court costs, nor does it claim any amounts due the appellee on a contract. The appellee sought specific performance of his option to purchase the real estate by way of a land contract. We hold that in such instance where the municipal court has taken jurisdiction of the forcible entry and detainer matter, the court properly retained jurisdiction to completely determine the rights of the parties under the contract.

We believe the policy determined herein to be one in furtherance of judicial economy, and one which provides a more practical approach to settle all facets of a controversy within the court which has initially taken jurisdiction. This approach avoids the duplicity of courts giving attention to the same matter, which would otherwise be occasioned if we would require certification to the courts of common pleas in these instances.

Based on all of the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] Civ. R. 13 (A) requires, with certain exceptions, compulsory counterclaims to be pleaded as part of the responsive pleading, or they are lost. If a party has a compulsory counterclaim, and its amount is over the monetary jurisdiction of the municipal court, it still must be pleaded in the responsive pleading. In that event, the proceedings would be certified to the court of common pleas pursuant to Civ. R. 13(J) and any appropriate local rule. See Browne, Compulsory Counterclaims and the Problem of Subject Matter Jurisdiction (1983), 56 Ohio Bar 688.