**HOERNER, Appellee,**

v.

**DOWNS, Appellant.**

[Cite as *Hoerner v. Downs* (1989), 63 Ohio App.3d 286.]

Court of Appeals of Ohio,
Montgomery County.

No. 10923.

Decided May 15, 1989.

*Richard A. Boucher,* for appellee.

*Michael J. McDonald,* for appellant.

BROGAN, Judge.

On June 8, 1987, Mary Jane Hoerner filed a complaint in the Kettering Municipal Court against Sherry L. Downs to keep the peace pursuant to R.C. 2933.02. On August 31, 1987, the parties entered into an agreed order whereby the complainant agreed not to proceed on her complaint, if the defendant agreed to discontinue harassing the complainant and her family.

The agreed order provided that disobedience of the order would subject the offender to the contempt of court provisions of R.C. Chapter 2705. On February 3, 1988, Hoerner filed a motion to show cause why the defendant should not be punished for contempt by virtue of her failure to comply with the agreed order. On March 4, 1988, the court found the defendant in contempt of the agreed order and sentenced her to jail for ten days and fined her $500.

On the same date, the defendant moved to vacate the agreed order on the ground the court had no jurisdiction to enforce the order. On April 4, 1988, the trial court overruled the defendant's motion to vacate. The defendant has appealed the contempt conviction as well as the judgment overruling her motion to vacate the agreed order.

In her sole assignment, appellant contends the trial court lacked jurisdiction to enter its order of August 31, 1987 and erred in not granting the defendant's motion to vacate that order.

Appellant contends that while the trial court had jurisdiction to entertain the appellee's original complaint to keep the peace and to require the defendant to post a bond to secure her good behavior, it could not enter an order in the nature of a restraining order because it lacked subject matter jurisdiction to do so, citing *Bretton Ridge Homeowners Club v. DeAngelis* (1985), 22 Ohio App.3d 65, 22 OBR 162, 488 N.E.2d 925.

In that case, the Court of Appeals for Cuyahoga County held that a declaratory judgment to enforce a grantor's covenant which imposed restrictions on a grantee's subsequent use of the property was equitable in nature and was governed by the principles applicable to equity actions. Accordingly, the court held a municipal court does not have subject matter jurisdiction over such an action, *i.e.*, one which is principally equitable in nature, notwithstanding the fact that a municipal court has jurisdiction, pursuant to R.C. 1901.-18(C), to deal with equitable issues that arise in an action at law upon contract.

In *Behrle v. Beam* (1983), 6 Ohio St.3d 41, 6 OBR 61, 451 N.E.2d 237, the Ohio Supreme Court held in a cause seeking forcible entry and detainer, an action at law upon a contract, that when a counterclaim raises equitable

issues, the court may, *pursuant* to R.C. 1901.18, retain jurisdiction of the matter and hear and determine all legal and equitable issues and remedies for the complete determination of the rights of the parties.

Municipal courts can exercise only such powers as are conferred upon them by statute. *State, ex rel. Foreman, v. Bellefontaine Municipal Court* (1967), 12 Ohio St.2d 26, 41 O.O.2d 159, 231 N.E.2d 70. If courts transcend the limits which the law prescribes, and assume to act where they have no jurisdiction, their acts are utterly void.

Contempt proceedings are means through which courts enforce their "lawful" orders. *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 64 O.O.2d 129, 299 N.E.2d 686.

We agree with the appellant that the court was within its jurisdiction to require the appellant to post a "peace" bond. When the court chose instead to issue a restraining order enjoining the defendant-appellant from further harassing the plaintiff, it converted the original action into an equitable one.

While the trial court is authorized in issuing protective orders in domestic violence cases (see R.C. 2919.26), the trial court possesses no equitable powers except as authorized by law. See R.C. 1901.18.

The assignment of error of the appellant is sustained. The judgment of the trial court will be reversed and the cause remanded for further proceedings on the original complaint.

*Judgment reversed*
*and cause remanded.*

WOLFF, P.J., and WILSON, J., concur.