DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff/appellant/cross-appellee John H. David and defendant/ appellee/cross-appellant Edwood Development Co. ("Edwood") both appeal a judgment of the Summit County Court of Common Pleas regarding a dispute over the lease of commercial real estate. This Court affirms.
 I.
David's parents were the owners of two parcels of land on West Market Street in Fairlawn, Ohio. In March 1963, David's parents entered into a lease with Edwood concerning those properties. The term of the lease was to be ten years, with Edwood having the right to renew the lease for a total term of fifty years. Three provisions of the lease are relevant to the case at bar, dealing with improvements on the property and a purchase option:
 7. The LESSEE shall have the right to build upon and improve said land in any manner not inconsistent with the zoning laws pertaining to the same, and the LESSOR hereby warrants that there are no restrictions of record restricting the LESSEE'S right to so build and improve on said land.
* * *
 9. The LESSOR hereby grants to the LESSEE an option to purchase said real property for the sum of ONE HUNDRED THIRTY THOUSAND AND NO/100 DOLLARS ($130,000.00) which option may be exercised by the LESSEE at any time during the term of this
 Lease, or any extension or renewal thereof. Said option may be exercised by the LESSEE by notifying the LESSOR, in writing, of its intention to exercise the same and said land shall be conveyed to the LESSEE by the LESSOR by Warranty
 Deed, conveying said property to the LESSEE, free and clear of all liens and defects of title, except streets, highways, easements and restrictions of record, if any, and taxes not yet due and payable.
* * *
 21. Except and unless the property herein described be purchased by the LESSEE, said LESSEE shall not remove from said land any buildings or structures erected thereon by said
LESSEE and any such buildings or structures so erected by
LESSEE shall be and remain a part of the land.
 By 1994, David had acquired the interests of his parents in the properties.
Shortly after the lease was executed, Edwood built a restaurant on one of the parcels. After that restaurant went out of business, Edwood leased the property to another party, who operated a different restaurant on the premises.
In 1996, Edwood determined that it would be more economically advantageous to raze the restaurant and build a more modern building, so it did not renew the lease of the restaurant-subtenant. A demolition permit was acquired in July 1997, and the restaurant was demolished that same month. Edwood applied for a building permit for the new building from city authorities on July 30, 1997.
In June 1997, Edwood had offered to purchase the property from David for $105,000, noting that it was undertaking a reconstruction program. That offer was refused. In a letter dated August 4, 1997, after the restaurant had been demolished, David notified Edwood that its actions constituted a material breach of the lease, but the letter did not state that David was terminating the lease. Edwood responded by letter dated August 27, 1997, and stated that it was exercising its purchase option. Edwood also stated that a quitclaim deed from both David and his mother were to be placed with a designated escrow agent by September 5, 1997; the purchase price of $130,000 would be placed with the escrow agent on September 4, 1997.
Without responding to Edwood's letter, David served Edwood with a notice on August 28, 1997, to leave the premises within three days, pursuant to R.C. 1923.04(A). Edwood did not leave the premises, and, on September 4, 1997, David filed an action for forcible entry and detainer in the Akron Municipal Court. Edwood responded by letter dated September 4, 1997, reiterating the demands of the earlier letter concerning the purchase of the property. Thereafter, Edwood answered the complaint and counterclaimed. Because the counterclaims exceeded the jurisdictional authority of the municipal court, the action was transferred to the Summit County Court of Common Pleas.
A bench trial was held on June 23 and 24, 1998. On August 14, 1998, the trial court issued its decision. The trial court first found that David was not entitled to a writ of restitution for two reasons. First, the court found that demolishing an antiquated structure and replacing it with a more modern and economic structure was not a material breach of the lease. Second, the court found that equitable considerations weighed against ejectment, which would result in a forfeiture of Edwood's leasehold interest. The trial court also found for David on Edwood's counterclaims, except to the extent that Edwood was entitled to specific performance of the option to purchase the properties. However, the court did not require David to use Edwood's designated escrow agent or to abide by any other conditions not contained within the lease.
David and Edwood both timely appeal to this Court. David asserts two assignments of error, and Edwood presents two cross-assignments of error. David's assignments of error shall be addressed first.
 II. ASSIGNMENT OF ERROR NO. I The trial court erred in finding that "[a] reasonable interpretation for the lease would permit the replacement of an antiquated, uneconomic building with a new, modern, more valuable building."
In his first assignment of error, David argues that the trial court erred by not finding that demolishing the existing restaurant was a material breach of the lease. He contends that the findings of the court can only support a conclusion that Edwood materially breached the lease and that David was entitled to a writ of restitution. This Court disagrees.
A judgment is against the manifest weight of the evidence only if the trier of fact clearly lost its way, creating a manifest miscarriage of justice that requires a reversal and a new trial. In re James (Oct. 14, 1998), Summit App. No. 18936, unreported, at 6. "Every reasonable presumption must be made in favor of the judgment and the findings of fact." Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 19.
Under R.C. 1923.02(A)(9), a lessor may institute a forcible entry and detainer action "[a]gainst [lessees] who have breached an obligation imposed upon them by a written rental agreement." The lessee, in turn, may present any defenses it may have. R.C. 1923.06.1(A). If the lessor is successful, he is entitled to a writ of restitution of the premises. However, "Ohio courts have the power, and often exercise it, to relieve a tenant from the consequences of forfeiture of a leasehold interest." GorsuchHomes, Inc. v. Wooten (1992), 73 Ohio App.3d 426, 435. "When a party raises an equitable defense, it is the responsibility of the court to weigh the equitable considerations before imposing a forfeiture." Id. at 436.
Assuming arguendo that Edwood did in fact commit a material breach of the lease, this Court concludes that the trial court did not err by denying a writ of restitution under the circumstances of this case. If Paragraph 21 of the lease, governing the removal of buildings, was materially breached, David did not suffer any economic harm thereby. Edwood had made preparations to build a more economically viable building on the site, which would enhance the value of the property, and the purchase option was exercised before the lease expired or was terminated. In the end, David has received all that he was due under the lease.
It must be noted that the terms of the lease, as drafted in 1963, are drastically in Edwood's favor. The value of the properties at issue, as a result of commercial development in that vicinity, is far greater today than the $130,000 option purchase price that was set forth in the lease. However, on balance, this Court finds that the trial court did not clearly lose its way by deciding that equity prevented the forfeiture of Edwood's leasehold interest in the properties. David's first assignment of error is overruled.
 III. ASSIGNMENT OF ERROR NO. II The trial court erred in extending equity to the defendant lessee to be utilized as a defense to the action in ejectment.
David contends in his second assignment of error that the trial court erred by permitting Edwood to raise equitable defenses. However, this Court concludes that any alleged error by the trial court was invited by David. During the course of the proceedings, the following exchange occurred:
 THE COURT: Let me ask you one other thing, Mr. Mygrant. This court [the Ohio Supreme Court in Behrle v. Beam (1983), 6 Ohio St.3d 41] indicates that equitable issues can be raised?
MR. MYGRANT [co-counsel for David]: Yes, it does.
 THE COURT: So you acknowledge that equitable defenses can be raised in this case?
MR. MYGRANT: I will acknowledge that, yes, Your Honor.
"Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. The V Cos. v. Marshall
(1998), 81 Ohio St.3d 467, 471. By agreeing in open court that equitable defenses were available to Edwood in the instant case, David has waived the right to argue that any error occurred as a result.[1] Accordingly, David's second assignment of error is overruled.
 IV. CROSS-ASSIGNMENT OF ERROR NO. I The trial court erred in failing to grant a default judgment in favor of the defendant-cross-appellant against the plaintiff for fraud and abuse of process.
In its first cross-assignment of error, Edwood contends that the trial court should have granted default judgment on two of its counterclaims because David failed to file a responsive pleading. This contention is without merit. David filed an answer to Edwood's counterclaims on October 10, 1997. As such, default judgment was inappropriate. Edwood's first cross-assignment of error is overruled.
 V. CROSS-ASSIGNMENT OF ERROR NO. II The trial court erred in failing to grant an order compelling the plaintiff-lessor to sell to the defendant-lessee the leased premises for $130,000 pursuant to lessee's exercise of the option to purchase pursuant to the parties' lease agreement.
Edwood argues in the second cross-assignment of error that the trial court erred by not granting specific performance on the purchase option that was contained in the lease. Edwood also contends that the trial court erred by not allowing the various conditions demanded in its notice to exercise the purchase option to remain in place. These arguments are not well taken.
As to Edwood's first argument, this Court notes that the trial court did in fact order specific performance of the purchase option contained in the lease. As such, there is no error, because Edwood received the relief sought.
This Court also concludes that the trial court did not err by not requiring David to comply with the conditions in Edwood's notice (such as the division of payment of fees and real estate taxes, the use of a quitclaim deed signed by David and his mother, etc.). Paragraph 9 of the lease calls for the lessor, David, to convey the property at issue by warranty deed to the lessee, Edwood, upon proper written notice. The demand of a quitclaim deed is contrary to the plain terms of the lease; the trial court's refusal to enforce this provision was correct. It was also within the trial court's province to determine that none of Edwood's additional demands were contemplated by the original parties and that if Edwood desires to make the transaction in the manner it proposes, then it would not be unjust to require Edwood to shoulder the resultant costs. The trial court's decision with regard to specific performance of the purchase option is not against the manifest weight of the evidence. Accordingly, Edwood's second cross-assignment of error is overruled.
 VI.
David's two assignments of error and Edwood's two cross-assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
DONNA J. CARR, FOR THE COURT
SLABY, P.J. and WHITMORE, J. CONCUR
[1] In addition, as was discussed in the first assignment of error, equitable defenses are available to a defendant in a forcible entry and detainer action under R.C. Chapter 1923.