DECISION AND JUDGMENT ENTRY
On June 23, 1998, appellee, Erie Islands Resort Marina, sued appellants, Jere and Kathryn Stephenson, in Ottawa County Municipal Court, Small Claims Division. Appellee alleged that appellants were in arrears on an account in the amount of $1,386.08. The sum was for annual maintenance fees and assessments which they were contractually obligated to pay coexistent with their purchase of an interest in appellee's campground.
Appellants responded by denying liability and setting forth eight defenses and "counterclaims," including an argument that the municipal court lacked jurisdiction because the case required interpretation of a deed and recorded covenants. On appellants' motion, the court transferred the case from the small claims docket to its regular docket.
After the trial court denied appellants' motion to dismiss for lack of jurisdiction, appellee moved for summary judgment. Appellee supported its motion with affidavits from its credit manager who averred that appellants failed to pay dues or assessments since 1994. Appellants filed a memorandum in opposition, arguing that issues of fact existed about the accuracy of appellee's accounting, but filed no contradictory affidavits or other evidence. When the trial court granted appellee's motion, appellants perfected this accelerated appeal, urging us to find that the trial court lacked subject-matter jurisdiction over this claim, or, alternatively, that the court abused its discretion in granting appellee's summary judgment.
A summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Civ.R. 56(E). When a properly supported motion for summary judgment is brought, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. Appellants provided no affidavit or other document of evidentiary value to contradict the affidavits of appellee's credit manager. Accordingly, if it had proper jurisdiction, the trial court did not err in granting summary judgment.
With respect to the jurisdiction question, it is well settled that a municipal court is a court of limited and specific jurisdiction, State ex rel. Foreman v. Bellfontaine Mun. Ct.
(1967), 12 Ohio St.2d 26, 27, and may exercise only such powers as are conferred on it by statute. Hoerner v. Downs (1989),63 Ohio App.3d 286, 288. The court may act only when the amount at issue is less than $15,000. R.C. 1901.17. The court's authority is further delimited by the provisions of R.C. 1901.17(A), which provide, in material part, that:
 "* * * a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
"* * *
 "(3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract."
Once a case is properly initiated within the jurisdiction of the municipal court, the court has, however, "* * * equitable jurisdiction coextensive with that of the common pleas court to fully deal with all aspects and claims that may arise * * *." Behrle v. Beam (1983),6 Ohio St.3d 41, 44. The purpose of this policy is to further judicial economy and provide a practical approach to settle all facets of a controversy which come before a municipal court and might otherwise require certification to a court of common pleas. Id. at 45.
In the present matter, appellee brought suit on an account founded on a purchase agreement which was later recorded. The same terms were incorporated into covenants to a deed for an undivided interest in real property. The purchase agreement specifically states that its terms, "* * * shall survive the delivery of the warranty deed in this transaction." Such a reservation takes the provisions of the purchase contract out of those which are merged into the deed. Fuller v. Drenberg (1965),3 Ohio St.2d 109, paragraph one of the syllabus; Medeiros v.Guardian Title (1978), 57 Ohio App.2d 257, 259. Therefore, there was a contract between the parties upon which appellee could base a claim irrespective of the deed covenants.
This differentiates this case from Bretton RidgeHomeowners Club v. Deangelis (1985), 22 Ohio App.3d 65, upon which appellants principally rely. Bretton Ridge was a declaratory judgment action seeking to interpret recorded restrictive deed covenants and was characterized by the court as an action in equity. In this matter, appellee's suit was on a contract, bringing it within the jurisdiction of the municipal court pursuant to R.C. 1901.17(A)(3). By way of counterclaim, appellants raised ancillary equitable issues which, pursuant toBehrle, supra, the court was then properly empowered to deal with.
Accordingly, both of appellants' assignments of error are not well-taken.
The judgment of the Ottawa County Municipal Court is affirmed. Costs to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., CONCUR.