Defendant-appellant Azalene Crump Cardwell appeals in these consolidated appeals from an order of the Cleveland Municipal Court, Housing Division, granting plaintiff-appellee Ted Brainard possession of a residence.
In December 1996, Brainard agreed to construct, and Cardwell agreed to purchase, the residence at 1617 East 73rd Street in Cleveland for $217,800. Under the purchase agreement, Brainard agreed to deliver possession of the premises upon the title transfer. The transaction did not close as originally anticipated and the parties became embroiled in a series of disputes.
In November 1997, during the course of construction, the parties agreed in writing to change the purchase price of the residence to $242,800. Cardwell made a series of payments but became dissatisfied with the construction. She moved into the residence in January, 1998 and subsequently ceased making payments. In July 1998, Cardwell filed an action in Common Pleas Court, Case No. CV-360087, against Brainard and her lender for breach of contract and fraud, seeking damages and to enjoin them from dispossessing her of the premises or foreclosing her mortgage. She did not seek to quiet title to the property.
On August 25, 1998, Brainard and Cardwell agreed, in an order approved by the court in the Common Pleas case, that Brainard would not seek to evict Cardwell for a six-month period, provided she made monthly payments of $1,100 to the clerk of court, permitted Brainard to show the premises to others for sale, and agreed to move out within two weeks of any sale of the residence.
The Common Pleas Court found that Cardwell violated the order by interfering with Brainard's attempts to show the premises to potential buyers. After granting one final opportunity to comply with the consent agreement, Cardwell again prevented Brainard from showing the premises. On October 30, 1998, the Common Pleas Court vacated the consent agreement and permitted Brainard to pursue eviction proceedings.
On November 10, 1998, Brainard commenced the case at bar by filing a complaint for forcible entry and detainer in Cleveland Municipal Court, Case No. 98CV-25366.[1] Cardwell filed an original and amended answer, which raised various defenses, and counterclaims. On December 8, 1998, the matter proceeded to a hearing before a municipal court magistrate. The record contains no transcript of the evidence presented at the hearing. Cardwell failed to file a post-hearing brief.
The magistrate filed a report and recommended judgment in favor of Brainard. The report provided, inter alia, as follows:
 2. This Court has jurisdiction to determine present right to possession. Haas v. Gerski [(1963), 175 Ohio St. 327] . Based upon the evidence presented at the hearing, and the post trial brief filed, judgment is for plaintiff on the first cause. Writ to issue. No move-out before January 4, 1999.
 4. The Cuyahoga County Court of Common Pleas obtained jurisdiction over the parties and remaining issues presented in this matter when that court obtained service in Cuyahoga County Common Pleas Case No. 360087, filed July 24, 1998. Plaintiff's motion to dismiss counterclaimsis granted. Defendant's counterclaims are dismissed without prejudice.
(Id. at p. 1., final citations omitted, emphasis in original.)
The municipal judge approved the magistrate's report and entered judgment for Brainard. Cardwell belatedly filed objections to the magistrate's report. Her objections were not supported by a transcript or other statement of the evidence presented at the hearing before the magistrate. The municipal court nevertheless granted leave to file the belated objections, but overruled them and again approved the magistrate's recommendations.
Cardwell filed two notices of appeal, but designated only one order from which she appealed. This court consolidated the two appeals for briefing, hearing, and disposition. During the course of the appeals, Brainard filed a motion to dismiss the appeals. Brainard argued that the appeals became moot when the common pleas court entered a judgment finding that Cardwell had no legal or equitable interest in the property after a jury verdict in the Common Pleas Court case.[2] We denied the motion to dismiss, Motion No. 08823, by separate journal entry.
In these consolidated appeals from the municipal court's judgment, Cardwell raises the following sole assignment of error:
 THE EQUITABLE POSITION OF THE APPELLEE AND THE SIGNIFICANT CHANGE IN THE POSITION OF THE PARTIES ALLOWS
 A MUNICIPAL COURT TO LOOK BEYOND TITLE IN A FORCIBLE ENTRY AND DETAINER ACTION.
This assignment lacks merit in the case at bar.
Cardwell contends generally that the municipal court did not consider equitable arguments that allegedly supported her right to continued possession of the premises. She contends that the municipal court improperly rendered its decision against her simply because she did not have legal title to the premises. Under the circumstances, we find that Cardwell has failed to show reversible error.
We decline Cardwell's request to make any abstract pronouncements concerning the proper scope of equitable considerations when a municipal court determines the right to possession in forcible entry and detainer actions. The record in the case at bar shows that the municipal court magistrate made her recommendation against Cardwell [b]ased upon the evidence presented at the hearing. (Magistrate's Report and Recommendation, paragraph two at p. 1.)
The municipal court properly recognized that a forcible entry and detainer action determines only the right to present possession of the premises. State ex rel. Weiss v. Hoover (1999), 84 Ohio St.3d 530,532 (citing, inter alia, Haas v. Gerski (1963), 175 Ohio St. 327) . Forcible entry and detainer actions determine neither legal nor equitable title. Citing Haas, supra, the municipal court in the case at bar expressly stated that such an action did not determine legal title. Cardwell contends that because the trial court stated it could not determine legal title but did not mention her equitable claims or defenses that the court must have failed to consider them. However, nothing in the municipal court's journal entries stated that the court was categorically precluded from ever considering equitable factors when determining the right to possession.
To the contrary, the magistrate's recommendation indicates merely that the court was unpersuaded by the evidence she presented to support her equitable arguments during the hearing in the case at bar. It is well established that municipal courts have jurisdiction to consider equitable claims and defenses in appropriate cases, for example, those involving real property purchase contracts as in the case at bar. See Behrle v. Beam (1983), 6 Ohio St.3d 41, syllabus paragraph one.
The Cleveland Municipal Court, Housing Division, has jurisdiction to determine the right to possession of premises in forcible entry and detainer actions, regardless of whether the claims or defenses raise legal or equitable issues. The basic grant of subject matter jurisdiction over forcible entry and detainer actions is set forth in R.C. 1901.18(A)(8) and R.C.1923.01(A) for municipal courts and in R.C. 1901.181(A)(1) for their housing divisions. R.C. 1901.13(B) grants additional powers to municipal courts within Cuyahoga County, such as the Cleveland Municipal Court, and R.C. 1901.131 grants such powers for municipal court housing divisions.
R.C. Chapter 1923 governs forcible entry and detainer proceedings. R.C. 1923.02(A)(6) authorizes forcible entry and detainer actions in any other case of the unlawful and forcible detention of lands or tenements not otherwise specifically mentioned.[3] R.C. 1923.061, in turn, specifically permits a defendant to raise defenses and counterclaims in such an action in subsections (A) and (B), respectively. R.C. 1923.061(A) provides as follows:
 (A) Any defense in an action under this chapter may be asserted at trial.
Caselaw specifically recognizes that purchasers of real property may raise appropriate legal or equitable claims or defenses. See e.g., Behrle v. Beam, supra (counterclaims); Clagg v. Rawlins (Jan. 19, 1995), Jackson App. No. 94CA746, unreported and Kuhn v. Griffin (1964), 3 Ohio App.2d 195 (defenses).
Nothing in the municipal court's judgment or in the magistrate's recommendation contradicts this authority or indicates a failure to consider Cardwell's equitable claims or defenses in the case at bar. In fact, the record contains numerous exhibits submitted by Cardwell.
To challenge the municipal court's findings, Cardwell has not submitted a transcript or other adequate statement of the evidence presented at the trial. It is well established that, absent such a record, a reviewing court cannot independently review the sufficiency or weight of the evidence but must presume regularity of the proceedings and must affirm the judgment of the trial court.
See e.g., Columbus v. Hodge (1987), 37 Ohio App.3d 68; Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47; Jones v. Abdo (Mar. 9, 1989), Cuyahoga App. No. 56148, unreported.
Accordingly, Cardwell's sole assignment of error in these consolidated appeals is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and JAMES M. PORTER, J., CONCUR.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
* * *
[1] Brainard`s complaint also named Cardwell's live-in boyfriend as an additional defendant. He filed no answer and is not involved in this appeal.
[2] A separate appeal from the judgment of the Common Pleas Court is pending in Court of Appeals Case No. 77147.
[3] The case at bar does not satisfy the requirements that specifically govern land installment contracts set forth in R.C.1923.02(A)(7).