This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Jeffrey and Mary Beers, appeal from the decision of the Akron Municipal Court, which granted summary judgment to Appellee, First Merit Bank. We affirm.
 I.
On September 11, 2001, First Merit filed a complaint against the Beers, alleging nonpayment on a credit card account. The Beers timely answered, asserting only the defense of failure to state a claim upon which relief may be granted. First Merit subsequently filed a motion for summary judgment, with supporting documents, to which the Beers responded in opposition. The trial court granted First Merit's motion for summary judgment on February 20, 2002. This appeal followed.
 II. Assignment of Error "THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION, AND THEREFORE, [ITS] AWARD OF SUMMARY JUDGMENT IN FAVOR OF APPELLEE IS VOID."
In their sole assignment of error, the Beers challenge the Akron Municipal Court's jurisdiction. They assert that the court lacked subject matter jurisdiction over the case, and that, therefore, the judgment against them is void. We disagree.
A court's subject matter jurisdiction connotes the power to hear and decide a case upon the merits. Morrison v. Steiner (1972),32 Ohio St.2d 86, paragraph one of the syllabus. "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." State v. Swiger (1998), 125 Ohio App.3d 456,462. The issue of whether a court has jurisdiction over the subject matter of a case is never waived, and a party may raise this issue at any stage of the proceedings. Civ.R. 12(H)(3); Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, overruled on other grounds, Manning v. Ohio StateLibrary Bd. (1991), 62 Ohio St.3d 24, paragraph one of the syllabus. The court may also raise the issue sua sponte. In re Graham,147 Ohio App.3d 452, 2002-Ohio-2407, ¶ 29. See, also, Civ.R. 12(H)(3).
The Beers first assert that this matter is governed by the Fair Debt Collection Practices Act, Section 1692 et seq., Title 15, U.S.Code.[1]
The Beers argue that, pursuant to the Act, this action should have been brought either in the district where the Beers signed the contract for the credit card or where they resided at the time the action was commenced, neither of which falls within the geographic territory of the Akron Municipal Court.
The Fair Debt Collection Practices Act regulates the practice of debt collectors. See Section 1692, Title 15, U.S.Code; Colton v. Ford MotorCredit Co. (July 30, 1986), 9th Dist. No. 3916, at 9. The Act defines a "debt collector" as:
 "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to owed or due another." Section 1692a(6), Title 15, U.S. Code.
A creditor is specifically excluded from the definition of a debt collector. See Section 1692a(6)(A), Title 15, U.S.Code. A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but * * * does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Section 1692a(4), Title 15, U.S.Code.
In this case, First Merit brought suit to collect on an unpaid credit card account issued to the Beers by First Merit. In support of its motion for summary judgment, First Merit attached a copy of the credit application. First Merit issued the credit card itself; it is attempting to collect on a debt owed to itself, not owed to another. Therefore, First Merit is a creditor, not a debt collector, as defined by the Fair Debt Collection Procedures Act, and the Act does not apply to First Merit in this action. See Colton, supra, at 10. Accordingly, the Beers' assertion that the Act applies to this matter is without merit.
The Beers also argue that Akron Municipal lacks subject matter jurisdiction over this matter pursuant to R.C. Chapter 1901.[2]
Municipal courts are statutory courts of limited jurisdiction; therefore municipal courts may exercise only those powers as are conferred upon them by statute. Lieux v. Forbush (May 31, 1995), 9th Dist. No. 94CA005976, at 4. See, also, State ex rel. Foreman v. BellefontaineMunicipal Ct. (1967), 12 Ohio St.2d 26, 27. If a municipal court acts outside of these powers, their acts are void. Hoerner v. Downs (1989),63 Ohio App.3d 286, 288.
R.C. 1901.17 and R.C. 1901.18(3) provide that a municipal court has subject matter jurisdiction over any action at law based on contract in which the prayer does not exceed $15,000. See, also, Behrle v. Beam
(1983), 6 Ohio St.3d 41, 44; Morrison v. Steiner (1972), 32 Ohio St.2d 86,88. The case sub judice is one based on a contract for a credit card, and the amount sought is less than $15,000. Accordingly, the Akron Municipal Court has subject matter jurisdiction over this action.
First Merit argues that the Beers' challenge to the Akron Municipal Court's subject matter jurisdiction is, in effect, a challenge to the court's venue. We agree. Venue "relates to the geographic division where a cause can be tried[.]" Morrison, 32 Ohio St.2d at 88. A challenge to improper venue is waived if not asserted. Civ.R. 12(H). The Beers failed to raise the issue of venue in the trial court; therefore, the issue is waived. See Animal Clinic of Lakewood v. Chinook, (Nov. 6, 1991), 9th Dist. No. 1996, at 2.
The Beers' argument that the Akron Municipal Court lacked subject matter jurisdiction over this matter pursuant to R.C. Chapter 1901 is without merit. The Beers' sole assignment of error is overruled.
 III.
Having overruled the Beers' sole assignment of error, we affirm the judgment of the Akron Municipal Court.
CARR, J., BATCHELDER, J. CONCUR.
[1] The Beers cite to Section 1690i, Title 15, U.S.Code; however, we note that the Fair Debt Collection Procedures Act is codified at Section 1692 et seq., Title 15, U.S.Code.
[2] We note that the Beers first raise this argument in their reply brief to this Court. Pursuant to Loc.R. 7(C), reply briefs are limited to matters in rebuttal to the appellee's brief. "Proper rebuttal is confined to matters in rebuttal of the appellee's brief." Loc.R. 7(C). An appellant may not use a reply brief to raise new issues for consideration; rather the reply brief is "merely an opportunity to reply to the brief of the appellee." In re Songer (Oct. 3, 2001), 9th Dist. No. 01CA007841, at 14, quoting Sheppard v. Mack (1980), 68 Ohio App.2d 95,97, fn. 1. However, because the Beers challenge the subject matter jurisdiction of the trial court, and such challenges may be raised sua sponte, we will review this portion of the Beers' argument regardless of how and when it was raised.