DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Frances L. Boesel, appeals from the decision of the Akron Municipal Court which granted judgment to Appellee, First Merit, in the amount of $2,459.67 plus interest. We affirm.
 {¶ 2} Appellee brought a credit card action against Appellant in the Akron Municipal Court in October 2002. Appellant challenged the venue and subject matter jurisdiction of the court. The court found that venue and subject matter jurisdiction were proper in Akron Municipal Court because Appellant was required to mail credit card payments to an Akron address. A trial ensued. Appellant did not appear at the trial due to her age and poor health, but was represented by counsel. Following trial, the court issued its judgment in favor of Appellee in the amount of $2,459.67 plus interest. Appellant timely appealed, raising one assignment of error.
 ASSIGNMENT OF ERROR
"The municipal court erred when it assumed jurisdiction over this action against [Appellant] who did not reside, transact business or receive service of process within the court's territorial limits."
 {¶ 3} In her only assignment of error, Appellant argues that the court lacked subject matter jurisdiction over this action, and that the judgment of the court, therefore, is void. Appellant specifically points out that she did not live in the jurisdiction, did not transact business with Appellee within the court's territorial jurisdiction, and was never served with process within that jurisdiction. She argues that the fact she mailed payments for that credit card to an Akron address within the court's jurisdiction should not extend subject matter jurisdiction to this action. Otherwise, if a foreign entity purchased a local entity, and required that payments be mailed to a foreign address, that foreign entity could hail a defendant into that foreign forum regardless of any contacts with that forum. We find that Appellant's assertions lack merit.
 {¶ 4} This Court has previously stated that:
"A court's subject matter jurisdiction connotes the power to hear and decide a case upon the merits. [Morrison v. Steiner
(1972), 32 Ohio St.2d 86, paragraph one of the syllabus.] `Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case.' [State v. Swiger (1998), 125 Ohio App.3d 456, 462.]" FirstMerit v. Beers, 9th Dist. No. 21010, 2002-Ohio-4247, at ¶ 5.
The issue of subject matter jurisdiction is never waived, and may be raised at any time during the proceedings either by a party or by the court sua sponte. Civ.R. 12(H)(3); First Merit
at ¶ 5.
 {¶ 5} The subject matter jurisdiction of a municipal court is limited by statute. First Merit at ¶ 11, citing Lieux v.Forbush (May 31, 1995), 9th Dist. No. 94CA005976, at 4. Any act performed by a municipal court outside of those statutory powers is void. Hoerner v. Downs (1989), 63 Ohio App.3d 286, 288. According to R.C. 1901.17 and 1901.18(3), a municipal court has subject matter jurisdiction over any action at law based on a contract in which the prayer for relief does not exceed $15,000.First Merit at ¶ 12; Behrle v. Beam (1983), 6 Ohio St.3d 41,44; Morrison, 32 Ohio St.2d at 88.
 {¶ 6} In this particular case, Appellee's claim was based upon a credit card contract with Appellant. Appellee brought an action at law to recover an amount less than $15,000. Therefore, the Akron Municipal Court had subject matter jurisdiction over this particular matter.
 {¶ 7} Appellant's claim is actually a challenge to venue in this case. See First Merit at ¶ 13. Venue "relates to the geographic division where a cause can be tried[.]" Morrison,32 Ohio St.2d at 88. Proper venue lies in any county enumerated in the first nine provisions of Civ.R. 3(B), including the "county in which the defendant conducted activity that gave rise to the claim for relief" or in the "county in which all or part of the claim for relief arose." Civ.R. 3(B)(3) and (6). In a contract collection action, that county may include the location where Appellant was required to deliver money to Appellee. Soloman v.Excel Marketing, Inc. (1996), 114 Ohio App.3d 20, 25-26; LorenzEquip. Co. v. Ultra Builders, Inc. (Feb. 23, 1993), 10th Dist. No. 92AP-1445; Janet's Reporting Video Serv. v. Rauchman (May 29, 1990), 12th Dist. No. CA89-10-150. In this case, Appellant was required to deliver payment to Appellee at an address in Akron, Ohio. The Akron Municipal Court, therefore, was a proper venue for this action. Accordingly we overrule Appellant's assignment of error.
 {¶ 8} We overrule Appellant's sole assignment of error and affirm the decision of the Akron Municipal Court.
Judgment affirmed.
Carr, P.J., and Batchelder, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.