[Cite as *Abarzua v. Johnson*, 2022-Ohio-277.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ORLANDO P. ABARZUA

    Appellee

    v.

DUANE D. JOHNSON

    Appellant

C.A. No.    29997

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    21CVG00986

DECISION AND JOURNAL ENTRY

Dated: February 2, 2022

CARR, Judge.

{¶1} Appellant, Duane Johnson, appeals, pro se, the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2} The instant appeal arises from a controversy regarding a residential property ("the property") located on Diagonal Road in Akron. After Orlando Abarzua paid Mr. Johnson $18,000, Mr. Johnson signed a general warranty deed transferring the property to Mr. Abarzua on September 9, 2020. Tensions between the parties arose thereafter. After initially moving out of the house situated on the property, Mr. Johnson moved back into the residence in January 2021. Mr. Abarzua maintained that Mr. Johnson had no right to be on the property. Mr. Johnson refused to leave.

{¶3} On February 4, 2021, Mr. Abarzua filed a forcible entry and detainer action against Mr. Johnson wherein Mr. Abarzua sought process and restitution. A number of exhibits

were attached to the complaint, including the contract for the sale of the property as well as the general warranty deed. The matter proceeded to a hearing before a magistrate. The magistrate issued a decision concluding that a writ of restitution should be issued against Mr. Johnson. The trial court adopted the magistrate's decision the same day. Mr. Johnson filed several objections to the magistrate's decision. The trial court subsequently issued a journal entry overruling the objections and finding that the case should be concluded because there was not a second cause of action against Mr. Johnson.

{¶4} On appeal, Mr. Johnson raises one assignment of error.

II.

{¶5} In his sole assignment of error, Mr. Johnson contends that the trial court erred by considering the agreement between the parties because the agreement was confidential.

{¶6} Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18.

{¶7} As noted above, the magistrate issued a decision finding in favor of Mr. Abarzua and the trial court adopted the magistrate's decision the same day. Mr. Johnson filed written objections to the magistrate's decision on a number of grounds. Most notably, Mr. Johnson objected on the basis that the parties' agreement regarding the property was confidential. He renews this argument on appeal.

{¶8} "Forcible entry and detainer is a summary proceeding authorized by statute." *IDC Brunswick Crossroads, L.L.C. v. Gack, Inc.*, 9th Dist. Medina No. 10CA0088-M, 2012-Ohio-217, ¶ 10, citing R.C. 1923.01, et seq. R.C. 1923.01(A) provides as follows:

> [A]ny judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements.

{¶9} Here, Mr. Johnson's argument is simply without merit. The dispute in this case arose when Mr. Johnson continued to occupy the property after he sold it to Mr. Abarzua. The parties were at odds as to whether Mr. Johnson had a right to remain on the property. Accordingly, Mr. Abarzua filed a forcible entry and detainer action in the Akron Municipal Court. The municipal court had the authority to adjudicate this dispute pursuant to R.C. 1923.01. An action of forcible entry and detainer is an action at law used to resolve disputes regarding the present possession of real property. *See generally Behrle v. Beam*, 6 Ohio St.3d 41, 44 (1983). The nature of the parties' agreement here was of critical importance in resolving the controversy. Under these circumstances, we cannot say that the trial court's consideration of the parties' agreement was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶10} Mr. Johnson's assignment of error is overruled.

III.

{¶11} Mr. Johnson's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

4

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DUANE JOHNSON, pro se, Appellant.

NOMIKI P. TSARNAS, Attorney at Law, for Appellee.