[Cite as *Mapes v. Gibbs*, 2026-Ohio-1407.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| JOYCE MAPES, | : | Case No. 25CA1211 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| EWING "TOBY" GIBBS, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 04/08/2026** |

_____

APPEARANCES:

David Osborne Jr., Law Offices of Dr. David Osborne, Jr., LLC, West Union, Ohio, for appellant.

_____

Wilkin, J.

{¶1} Defendant-appellant Ewing "Toby" Gibbs ("Gibbs") is appealing a judgment from the Adams County Court dated February 5, 2025. The court granted plaintiff-appellee Joyce Mapes ("Mapes") a forcible entry and detainer ("FED") action to evict Gibbs from her rental property. It also denied Gibbs' counterclaim, which alleged ownership of the property under a $45,000 land contract that he was still paying off. Gibbs is appealing this judgment on a single assignment of error that the trial court erred in failing to transfer the case to the court of common pleas.

{¶2} After our review of the record, the applicable law, and the appellant's brief (appellee declined to file a brief), we find that the trial court did not err in granting judgment in favor of Mapes. Accordingly, we overrule Gibbs' assignment of error and affirm the trial court's judgment entry.

FACTS AND PROCEDURAL BACKGROUND

{¶3} On September 20, 2024, Mapes filed a FED action seeking to evict Gibbs from the residence located at 1767 Old State Route 32 in Peebles, Adams County, Ohio ("Peebles property"). Mapes alleged that when she informed Gibbs that she no longer wanted to rent the Peebles property, he threatened to burn it down.

{¶4} On October 9, 2024, Gibbs filed an answer and counterclaim. The pleading alleged four affirmative defenses. It also set out a counterclaim that alleged Gibbs owned the Peebles property having purchased the property pursuant to a land contract for $45,000. Mapes filed an answer to Gibbs' counterclaim.

{¶5} Gibbs also filed a motion to transfer the case from Adams County Court to the Adams County Court of Common Pleas. Gibbs alleged that because he owned the Peebles property pursuant to a land contract and filed a counterclaim to enforce it, the county court no longer had jurisdiction. He contended that jurisdiction to enforce land contracts lies exclusively with the court of common pleas. Mapes did not file a response.

{¶6} On February 5, 2025, the court held an evidentiary hearing on all pending issues. The court heard testimony from several witnesses, including Mapes and Gibbs. The parties submitted several exhibits that were admitted into the evidence. That same day, the trial court issued a judgment entry that made several findings. The court determined that Gibbs was leasing the Peebles property. The court found that there was insufficient evidence to show that Gibbs

was party to a land contract or to an oral contract to purchase the Peebles property.  Thus, the court overruled Gibbs' motion to transfer the case to the common pleas court.  The court also found that Mapes had complied with the requirements for Mapes' a FED action.  The court indicated that it would issue a separate entry ordering Gibbs to vacate the property by Tuesday, February 18, 2025.

{¶7} It is this judgment that Gibbs appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO TRANSFER THIS CASE TO
THE COURT OF COMMON PLEAS

{¶8} Gibbs argues the Adams County Court lacked jurisdiction because county courts have limited statutory authority and cannot adjudicate interests in real property beyond forcible entry and detainer possession issues.  He asserts Ohio Revised Code Chapter 1923, which authorizes forcible entry and detainer actions creates an action only for possession, not to determine title or superior interests, citing *Haas v. Gerski*, 175 Ohio St. 212.  Gibbs claims that land contract disputes fall within the exclusive jurisdiction of the Court of Common Pleas citing *Bowshier v. Bowshier*, 2013-Ohio-297, ¶ 24.  He contends his counterclaim sought enforcement of an oral land contract, which exceeded county court jurisdiction and triggered Civil Rule 13(J), requiring certification to the common pleas court.  He further maintains the county court was required either to transfer under Civ.R. 13(J) or dismiss under Civ.R. 12(H)(3), yet it did neither and instead adjudicated matters outside its jurisdiction by evaluating and foreclosing his counterclaim.  Consequently, he claims the trial court erred by

refusing to transfer the case after he timely filed his answer, affirmative defenses, counterclaim, and a motion to transfer on October 9, 2024.  Therefore, Gibbs asserts that the county court's judgment granting Mapes' FED should be reversed and remanded to the Adams County Court of Common Pleas.

## A. Law

### 1. Standard of Review

**{¶9}** Gibbs filed a motion to transfer this case from the Adams County Court to the Adams County Common Pleas because he alleged that the Adams County Court lacked subject matter to consider his counterclaim.  Subject matter jurisdiction is defined as a court's power to hear and decide cases.  *In re Adoption of Reed*, 2006-Ohio-2094, ¶ 16 (4th Dist.), citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998).  "We review the determination of subject-matter jurisdiction de novo, without any deference to the trial court's determination."  *Hall v. Tucker*, 2005-Ohio-2674, ¶ 50, citing *Burns v. Daily*, 114 Ohio App.3d 693, 702 (11th Dist. 1996).

### 2. Jurisdiction of County Courts

#### a.  County Courts Have Jurisdictional Financial Limits of $15,000

**{¶10}** County Courts are a statutory creation with "only limited jurisdiction and may exercise only such powers as are directly conferred by legislative action."  *State ex rel. Johnson v. Perry Cty. Court*, 25 Ohio St.3d 53, 54 (1986).  R.C. Chapter 1907 addresses county courts.

{¶11} R.C. 1907.03 (A) states: "If a counterclaim is filed in a civil action in a county court and the counterclaim exceeds fifteen thousand dollars, the county court shall certify the action to the court of common pleas."

{¶12} And R.C. 1907.031 provides:

> Except as otherwise provided in section 1907.03 of the Revised Code and in addition to the jurisdiction authorized in other sections of this chapter and in section 1909.11 of the Revised Code, a county court has original jurisdiction within its district in all of the following actions or proceedings and to perform all of the following functions:
> . . .
>
> (2) In an action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract[.]

{¶13} We find the Ohio Supreme Court case *Behrle v. Beam* instructive for resolving Gibbs' appeal due to its factual similarities. 6 Ohio St.3d 41 (1983). In *Behrle,* the appellant filed a FED action in the Dayton Municipal Court seeking to evict appellee from the appellant's property. The lease agreement included an option to purchase the property pursuant to a land contract for $170,000. Appellee filed an answer seeking, among other relief, enforcement, of the purchase option. The trial court entered judgment in favor of appellee, ordering appellant to enter into a land contract with appellee for the property involved in the FED action.

{¶14} Behrle appealed arguing that the municipal court lacked jurisdiction because the $170,000 land contract was in excess of $10,000, which at the time was the jurisdictional limit of a municipal court. The court of appeals affirmed

essentially holding that the municipal court had subject matter jurisdiction since the Beam's counterclaim sought equitable relief, and the municipal court had jurisdiction to determine all legal and equitable remedies necessary to determine the case.

{¶15} In considering appellant's appeal, the Supreme Court recognized that the municipal courts were limited monetarily to cases where the amount claimed by a party was less than $10,000.  Additionally, a municipal court has original jurisdiction within its territory over "any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto."  *Id*. at 43, quoting former R.C. 1907.18(C) (Now found in R.C. 1907.18(A)(3).[1]

{¶16} The Court first determined that because appellee sought to have the land contract enforced rather than seeking money damages, the $10,000 limit to the municipal court's jurisdiction did not apply.

{¶17} The Court then recognized that "[a]n action of [FED] is an action at law based upon contract."  *Id*. at 44.  The court then reasoned that "being an action at law upon a contract, the municipal court did have jurisdiction to fully consider the equitable issues presented within the counterclaim for specific

---

[1] We note that the language in former R.C. 1907.18(C) interpreted in *Behrle* is now found in R.C. 1907.18(A)(3) and is substantively virtually identical to the language in former R.C. 1907.18(C): "In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract."

performance of the land contract, as contained within the lessee's option under the lease, and to grant the necessary relief." *Id.*

{¶18} Thus, the Court concluded that the municipal court had subject matter jurisdiction to determine that the agreement between the parties was a land contract, as opposed to a lease, and to equitably award the property to appellee pursuant to that land contract. Accordingly, the Court affirmed the trial court's judgment.

B. Analysis

{¶19} *Behrle* involved an appeal that originated in a municipal court. This case originated in the Adams County Court. These courts are established pursuant to different statutes. Municipal courts are established pursuant to R.C. 1901.01, while County Courts are established pursuant to R.C. 1907.01. However, in defining their subject matter jurisdiction, in part, municipal courts and county courts share verbatim the following two areas of jurisdiction. First, both courts are expressly recognized as having jurisdiction over "an action of forcible entry and detainer." *See* R.C. 1907.031(6) (county courts) and R.C. 1901.18(A)(8) (municipal courts). Second, both courts are expressly recognized as having jurisdiction over "any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract." *See* R.C. 1907.031(A)(2) (county courts) and R.C. 1901.18(A)(3) (municipal courts). The

latter language is primarily the language relied upon in *Behrle* to hold that "the municipal court did have jurisdiction to fully consider the equitable issues presented within the counterclaim for specific performance of the land contract, as contained within the lessee's option under the lease, and to grant the necessary relief." *Id*. at 44. The Court in *Behrle* also reasoned that a claim for specific performance of a land contract did not trigger the municipal court's $10,000 jurisdictional limit. *Id*.

**{¶20}** Applying the rationale relied upon in *Behrle* in the instant case, we find that the county court had subject matter jurisdiction and did not exceed its $15,000 limit. This allowed the court to consider not only Mapes' FED action, but also Gibbs' counterclaim, which involved equitable issues related to enforcing a land contract, rather than seeking an amount beyond the court's monetary jurisdiction.

**{¶21}** Because we find that the court had subject matter jurisdiction over these matters, we conclude that the trial court did not err in granting Mapes' FED action and denying Gibbs' counterclaim. Therefore, we overrule Gibbs' assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that the appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**