SHEPHERD, APPELLEE, *v.* BEARD, APPELLANT.

(No. 2694—Decided July 19, 1962.)

*Messrs. Hyers, Leyland, Patterson & Kruse,* for appellee.
*Messrs. Iddings, Jeffrey & Donnelly,* for appellant.

KERNS, J. This is an appeal on questions of law from a judgment of the Vandalia Municipal Court ordering restitution of certain premises to the plaintiff in an action of forcible entry and detainer.

The defendant challenges the jurisdiction of the Municipal Court to enter judgment for the reason that the title to the real estate which is the subject of the action was in dispute. See *Lynam* v. *Schueler,* 79 Ohio App., 101; *Warner* v. *Matthews,* 79 Ohio App., 111; *Olds, Exr.,* v. *Morse,* 98 Ohio App., 382; *Williams* v. *Gordon,* 53 Ohio Law Abs., 464; *State, ex rel. Morgan,* v. *Stevenson,* 39 Ohio App., 335.

The sole question for determination therefore in this appeal is whether the evidence raised a bona fide controversy as to title.

On August 8, 1949, the plaintiff, Mildred Shepherd, entered into a land contract for the sale of the realty involved herein to Oscar E. Beard and Dean Beard, the son and daughter-in-law of the defendant, Martha Beard. Although the contract was not presented in evidence, the testimony discloses that the sale price was $1,950, with $200 down and the balance payable in monthly installments of $25, with interest at six per cent computed monthly on the balance due. In 1952, Dean Beard died, and Oscar Beard's mother, the defendant, came to live with him. In December 1956, Oscar Beard left the Dayton area and made no further payments on the contract.

At that time, $1,471 was still due on the contract, but no action was taken by the plaintiff to obtain possession of the premises. With reference to subsequent arrangements, the defendant testified as follows: "* * * after my son went away she [plaintiff] came to my house and said she wanted to know who is going to finish paying for the property. She said your son is gone and she told me if I finished paying for it, I should have it; that whoever pays for it is the one that should have it. I asked her if hadn't we better have the papers signed to me. She said no, it doesn't make any difference."

Although this testimony may have little weight, standing alone, it takes on substantial weight when coupled with exhibit

A, an account book, which was introduced in evidence. The account book discloses that the plaintiff continued to collect principal and interest pursuant to the terms of the original contract and charged the real estate taxes and insurance premiums on the property to the defendant. Furthermore, there is evidence that the defendant made numerous improvements to the property. In fact, the plaintiff admits that the defendant was responsible for the installation of a gas service, the addition of a new roof and the building of a small porch.

At the time this action was commenced, the balance due on the property was $840. And even after the action was commenced, the plaintiff, as disclosed by the account book, continued to add a real estate tax payment and five months interest to the principal amount due on the contract.

All of these acts of the plaintiff are consistent with a vendor-vendee relationship, and inconsistent with her present claim to the right of possession. By collecting interest, taxes, and insurance from the defendant and by acquiescing in certain improvements to the real estate over a period of almost five years, the plaintiff herself acknowledged some equitable interest of the defendant in the subject property.

In our opinion, the factual development at the trial of this cause raised a genuine issue as to title, and the Vandalia Municipal Court was thereby denied jurisdiction in the forcible entry and detainer action.

The judgment is reversed and the cause dismissed.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.