67 CORP., APPELLANT, *v.* ELIAS, D. B. A. ELIAS GRILL, APPELLEE.

[Cite as 67 Corp. v. Elias, 3 Ohio App. 2d 411.]

412

(No. 7975—Decided September 28, 1965.)

Mr. *Robert M. Draper*, for appellant.
Messrs. *Lucas, Prendergast, Albright & Warren*, Mr. *R. Rush Warren* and Mr. *Rankin M. Gibson*, for appellee.

*Per Curiam.* This is an appeal from a judgment of the Columbus Municipal Court denying to appellant a writ of possession in an action for forcible entry and detainer. Appellant, 67 Corp., brought the action to obtain possession of premises known as 6 West Gay Street, a part of the building located at 67 North High Street in Columbus, Ohio.

The sole issue in such an action is the right to immediate possession. Appellant is the present owner of the premises and, therefore, prima facie entitled to possession. Appellee relies on an alleged extension or renewal of a previous lease.

In December 1958, the Gay-High Corporation granted a five-year lease to Al W. Carroll, the term to expire November 30, 1963. This lease did not contain any option or other provision for renewal or extension for an additional term. On September 30, 1960, Carleton T. McNerney as trustee for unidentified persons acquired the title to the building, subject to the Carroll lease. One Robert A. Smith had been and continued to act as the real estate agent, collecting and forwarding the rent to the lessor.

In March 1961, Carroll commenced negotiations with appel-

lee, Elias, for the sale of his restaurant business and the assignment of his leasehold. The assignment required the consent of the lessor, *i. e.*, McNerney as successor in title. McNerney met with the Carrolls and Elias. The trial court found that McNerney authorized Smith to give an approval to the lease assignment from Carroll to Elias, and such an approval was in fact executed by Smith on May 8, 1961. For unexplained reasons, Smith did not sign as agent for McNerney but purported to sign for the Gay-High Corporation, the predecessor in title. Elias then entered into possession.

Later, Smith executed what purports to be a grant or promise of a right to "renew" the Carroll lease for five years. The Elias copy of the Carroll lease contains a memorandum executed by Smith on the date shown, stating:

"Columbus, Ohio
 Jan. 5, 1963

"The Parties herein agree that the Lessee shall have the right to renew this lease at the end of the original term hereof, for a period of Five (5) years at the total rate $30,000.00 payable in monthly installments of Five Hundred Dollars ($500.00) per Month effective December 1, 1963.

"/s/ Robert A. Smith, Agent
 Robert A. Smith."

By letter dated October 23, 1963, Elias purported to exercise the "right to renew." Appellant, 67 Corp., was then negotiating to purchase the building and actually acquired title on November 7, 1963. It had both constructive and actual notice of the claimed rights of the Eliases to renew the lease prior to the acquisition of title.

In our opinion, appellee did not establish a right to immediate possession. Appellee's claim must be rejected for three reasons:

(1) The evidence is insufficient to show that the agent Smith's authority included authority to promise or grant a five-year additional lease.

(2) The purported grant of a right to renew and its exercise by Elias did not constitute an extension or renewal of the original lease such as would excuse compliance with the requirements of the statute on conveyances. Section 5301.01, Revised Code. Failure to comply with the statute invalidates any attempted grant of a five-year lease.

(3) Proof of a contract to make a lease does not establish the right in the intended lessee to the immediate possession of the premises.

The evidence to establish Smith's authority to grant the five-year term on behalf of his principal, McNerney, is:

(1) Smith's acting as real estate agent to collect the rents and perform caretaker functions.

(2) Smith's execution of the lessor's consent to the assignment from Carroll to Elias.

(3) Testimony of two witnesses, Mrs. Carroll and Mrs. Elias, that McNerney had stated to them that he, McNerney, would give Elias another five years in addition to the Carroll lease, and that they should "take it up with Mr. Smith."

The testimony as to statements by McNerney was admitted over objection. It is, of course, hearsay evidence. However, McNerney was dead at the time of trial, and appellee contends that the testimony was admissible as a declaration against interest by a nonparty. See *G. M. McKelvey Co.* v. *General Casualty Co. of America* (1957), 166 Ohio St. 401. In our opinion, there is no sufficient foundation to qualify the alleged statements as being against McNerney's interest. We note too that the opinion of the trial court indicates that the judge did not find on the evidence that McNerney made such an offer at that time. See opinion, page two.

Since this is the only evidence bearing on actual authority in Smith, the only basis for a finding of agency is the doctrine of apparent authority. In our opinion, authority to act as a real estate agent and to execute an assignment approval is not a sufficient basis from which to imply authority in the agent to either contract for or grant a new lease of five years. It should be commented that appellee has not contended that there was any ratification by McNerney of Smith's attempted grant of the right to renew. There is no evidence that McNerney knew

of Smith's January 5, 1963, indorsement on the Elias copy of the lease until its attempted exercise.

Regardless of the agency question, the indorsement executed by Smith and the letter of exercise by Elias could not validly constitute a five-year lease and, therefore, could not give Elias any right to immediate possession. The indorsement was not executed in compliance with the formalities required by the statute on conveyances, Section 5301.01, Revised Code. Since the alleged additional five-year term was denied and repudiated by the owner prior to the commencement date, there is no problm of part performance, nor would the evidence support such a basis for avoiding the statute. See *Delfino* v. *Paul Davies Chevrolet, Inc.* (1965), 2 Ohio St. 2d 282. However, appellee contends that there was an "extension" of the original Carroll lease and that such an extension need not comply with provisions of Section 5301.01, Revised Code. A statement which appears to support such an argument can be found in 33 Ohio Jurisprudence 2d 740, Landlord and Tenant, Section 490.

Where the original lease contains an option or provision for renewal, most authorities would agree that the formalities of the original execution cover the renewal, and that, therefore, the act of acceptance of an option to renew does not require a second formal execution. Thus, in 49 American Jurisprudence 521, Statute of Frauds, Section 192, the text states:

"As a general rule, where a written lease provides for its renewal or extension for an additional term at the option of the lessee, the exercise by the lessee of his option is not affected by the statute of frauds. * * *"

However, the same paragraph of the text goes on to state:

"* * * However, an independent agreement by which a lease is extended for more than a year falls within the statute of frauds unless in writing. * * *"

See, also, 49 American Jurisprudence 524, Statute of Frauds, Section 196.

The original lease in this case contained no option or other provision for the extension or renewal of the lease. In the absence of such a provision, we believe that an additional grant is, for the purposes of Section 5301.01, Revised Code, an independent and separate transaction requiring its own compliance

with the statute. It is probably true that the statute's operation perpetrates as many frauds as it prevents. However, it appears to us to clearly apply in the present case. In this connection it should be noted that in this case there is also a failure to show a compliance with Section 1335.04, Revised Code, requiring that an authority of an agent to grant such a lease be in writing. Compare, also, Section 1337.01 *et seq.*, Revised Code.

Having rejected appellee's contention that she holds under a valid extension of the Carroll lease, we lastly observe that a contract, if any, to make a lease, which lease will in turn give a right of possession, is not proof of an *immediate* right to possession.

The judgment of the Municipal Court is reversed and the cause is remanded with instructions to grant a writ of possession.

*Judgment reversed.*

BRYANT, P. J., DUFFEY and TROOP, JJ., concur.