### Fenner v. Parkinson
[*Cite as 6 AOA 308*]

*Case No. 89AP-1439*
*Franklin County, (10th)*
*Decided August 28, 1990*

*James F. Mong, Bates & Mong Co., L.P.A., for Appellee.*

*Ronald E. Parkinson, pro se.*

MARTIN, J.

This matter is before this court upon the appeal of defendant, Ronald E. Parkinson, from a judgment rendered by the Franklin County Municipal Court in favor of plaintiff, Paul E. Fenner.

To satisfy certain alleged unpaid taxes, the Internal Revenue Service conducted a public auction on January 4, 1989 of defendant's residential property located at 1112 Carolyn Avenue, Columbus, Ohio. Plaintiff was the successful bidder and he eventually obtained a deed from the Internal Revenue Service dated July 18, 1989. This federal tax deed was subsequently recorded on August 28, 1989.

It should be noted that, following receipt of a notice of public sale from the Internal Revenue Service in November 1988, defendant, on December 2, 1988, filed an action in the United States District Court (S..D. Ohio, Eastern Division, No. C2-88-1306) against the Internal Revenue Service et al., to quiet title and attacking the validity of the underlying tax lien and levy thereon. Defendant in that action also requested the issuance of a preliminary injunction to delay the auction sale. Obviously, the sale was not stayed and apparently the federal case remains pending in that forum.

Following receipt of the tax deed and after attempts to voluntarily obtain physical possession of the premises from defendant failed, plaintiff initiated forcible entry and detainer proceedings (R.C. Chapter 1923) against defendant on August 16, 1989.

Defendant responded on September 5, 1989 with a motion to dismiss the eviction complaint on subject-matter jurisdictional grounds. Plaintiff filed a memorandum opposing dismissal on September 12, 1989.

A hearing was conducted before a municipal court referee on September 13, 1989, and the referee's report, containing findings of fact and conclusions of law, was filed on October 13, 1989. In the conclusions of law, the referee found the

"*** validity of title may still be raised as a defense." The referee recommended that, due to the apparent lack of subject-matter jurisdiction given the dispute over title to the premises, plaintiff should arrange a transfer of the case to another court with jurisdiction no later than November 1, 1989 or, alternatively, that the eviction action be dismissed.

Both parties timely filed objections to the referee's report. On November 30, 1989, the trial court, while adopting the referee's findings of fact, rejected his conclusions of law on the authority of *Haas v. Gerski* (1963), 175 Ohio St. 327. The court sustained plaintiff's objections, overruled defendant's objections, and granted plaintiff's prayer for a writ of restitution (possession) for the premises.

On December 8, 1989, the trial court stayed enforcement of the writ on certain conditions pending appeal. Defendant filed his notice of appeal that day, and he continues in physical possession of the premises.

Defendant, acting *pro se*, has not designated "assignments of error" as such, App. R. 16(A)(2), but rather he has raised nine separate "arguments" for consideration. Some of these arguments, given the posture of this case as one originating as an eviction action, pertain to issues not directly or properly before us.

However, defendant's primary claim of error appears to be that the trial court misapplied the so-called "present title" doctrine appearing in *Haas, supra*, and that it lacked subject-matter jurisdiction to grant R.C. Chapter 1923 relief to plaintiff when title to the realty remained disputed. For the following reasons, we agree with defendant's contentions.

Forcible entry and detainer is solely a "possessory action" [*Carroll v. O'Conner* (1874), 25 Ohio St. 617] brought to enforce a party's right to "present possession," and that is the sole and ultimate issue in such a proceeding [*Kuhn v. Griffin* (1964), 3 Ohio App. Id 195, and 67 *Corp. v. Elias* (1965), 3 Ohio App. 2d 411].

The Ohio Supreme Court has observed that "an action in forcible entry and detainer is one, at law based *upon contact*." (Emphasis added.) *Behrle v. Beam* (1983), 6 Ohio St. 3d 41, 44. It is an action to obtain possession or repossession of realty which at some point has been transferred from one party to another pursuant to a contract, *i.e.*, lease or and installment contract. A forcible entry and detainer proceeding is not an action to determine ownership of the title to real property. *Behrle, supra*.

In *Haas, supra*, upon which both the trial court and plaintiff relied, it was held, in the syllabus, the following:

"1. A Municipal Court, under Section 1901.18, Revised Code, has jurisdiction to hear and determine a forcible entry and detainer action, where, although title to the realty is drawn in question, there is no question as to present record title.

"2. The pendency of an action to quiet title to realty in a Court of Common Pleas is not a bar to a forcible entry and detainer action in a Municipal Court."

The *Haas* court reasoned that possession was dependent upon title; therefore, present title controls the right to present possession. Since a municipal court can recognize present title for purposes of determining the right to present possession, and since such recognition is not binding upon the common pleas court where the quiet title action is pending, it may grant forcible entry and detainer relief.

Applying *Haas*, the Supreme Court in *State, ex rel. Carpenter, v. Court* (1980), 61 Ohio St. 2d 208, at 209-210, held:

"*** 'Since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible detainer.' ***

"***

"To allow the Municipal Court the discretion to stay proceedings in the cause would be to defeat the purpose of the forcible entry and detainer statutes (*i.e.*, immediate possession)***."

On their face, *Haas* and *Carpenter* appear to support the trial court's judgment. However, we are reminded of the principle that the syllabus of an Ohio Supreme Court decision must be read in the context of the facts of the particular case upon which it is premised, and it is not to be regarded as absolutely controlling authority in other cases where the material facts are different. See, generally, 23 Ohio Jurisprudence 3d (1980) 185-189, Courts and Judges, Sections 533-534. Applying this principle, we find these cases are distinguishable from ours.

In *Haas*, he prevailed in forcible entry and detention in asserting a right to present possession because he held sole present record title to the premises by virtue of a deed. *That deed was not disputed by Mrs. Gerski* who had retained possession of the premises only by claiming her surviving spouse election rights. Similarly, in

*Carpenter*, he had already received a deed to the property and sought forcible entry and detainer relief against the former owner-grantor. Although that grantor had commenced a common pleas court action to set the deed aside on grounds of fraud, *Carpenter remained the sole present record title owner* and, therefore, he was granted P.C. Chapter 1923 relief.

*Sub judice*, both plaintiff and defendant each claim "present record title" to the same premises by virtue of separate deeds. This is a classic quiet title controversy, and until such was judicially resolved, neither party could claim a superior right to present possession. As observed in *Behrle, supra*, P.C. Chapter 1923 proceedings are not designed to determine ownership of the title to real property. Thus, under the facts of this case, we conclude that the trial court did misapply the "present title" principle announced in *Haas, supra*, and the municipal court referee was correct. See, also, *Shepherd v. Beard* (1962), 118 Ohio App. 544.

Municipal courts and their subject-matter jurisdiction are creatures of statute and they possess only those powers legislatively granted. *Behrle, supra*. In addition to the monetary jurisdiction limitation imposed upon municipal courts in R.C. 1901.17, their general subject-matter jurisdiction is that prescribed in R.C. 1901.18(A) (1) through (11) inclusive. jurisdiction over forcible entry and detainer actions is expressly conferred at R.C. 1901.18(A)(8). However, nothing contained in R.C. 1901.18 purports to grant jurisdiction over quiet title actions to municipal courts at least where there is no underlying contractual relationship between the parties.

R.C. Chapter 1923 defines jurisdiction in forcible entry and detainer actions, and also defines specifically in R.C. 1923.02 those persons subject to such proceedings. *Kuhn, supra*, headnote two. We are reminded that *sub judice* there is no contractual relationship between plaintiff and defendant as in a landlord-tenant or land contract vendor-vendee situation. Therefore, subsections (1), (2), (6), (7), (8), (9), (10), (11) and (12) of R.C. 1923.02(A) and R.C. 1923.02(B) are clearly inapplicable. Likewise, R.C. 1923.02(A)(4) which pertains to fiduciary sales and/or partition sales has no application.

R.C. 1923.02 does provide for the following:

"(A) Proceedings under this chapter may be had as follows:

"***

"(3) *In sales of real estate, on executions, orders, or other judicial process,* when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made;

"***

"(5) When the defendant is an occupier of lands or tenements, *without color of title,* and the complainant has the right of possession of them[.]" (Emphasis added.)

Herein, plaintiff did not acquire his title as the result of any "sale under judicial process," but rather he received a federal tax deed rooted in the Internal Revenue Service administrative forfeiture proceeding. He, therefore, can claim no right of immediate possession enforceable under R.C. 1923.02(A)(3). Also, plaintiff cannot invoke a right to possession enforceable under R.C. 1923.02(A) (5) because defendant occupied the premises under a prior deed and, therefore, *with* some "color of title."

We must conclude that the municipal court lacked subject-matter jurisdiction to grant R.C. Chapter 1923 relief to plaintiff when the right of present title was disputed as evidenced by the facts of this case. Since the municipal court lacked jurisdiction to address all of the issues involved between these parties, it was error to proceed only on the forcible entry and detainer action. *Richwood Homes, Inc. v. Brown* (1981), 3 Ohio App. 3d 204. Since the common pleas court also has concurrent original jurisdiction in forcible entry and detainer actions [R.C. 1923.01(A); *Seventh Urban, Inc. v. University Circle* (1981), 67 Ohio St. 2d 19], this case should have been transferred to that court.

For these reasons, the judgment of the Franklin County Municipal Court is reversed, and the cause is remanded to that court with instructions to transfer same to the Franklin County Court of Common Pleas on all issues.

*Judgment reversed and cause remanded.*

WHITESIDE and BOWMAN, J.J., concur.

MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.