OPINION
Appellants, Thomas Schultz and Joe Doyle, appeal the judgment of the Lake County Court of Common Pleas granting summary judgment in favor of Consolidated Management, Inc., on the issue of whether Schultz had an option to renew his lease.
Appellant, Thomas Schultz, operates a tavern, R.C.T. Inc. ("R.C.T."), d.b.a. Schultz's Lounge, located on Lakeshore Boulevard in Mentor, Ohio. Appellant Doyle operated a business known as the American Karate Academy, adjacent to Schultz's Lounge. Appellee is a property management corporation which owned and leased commercial property to appellants.
On November 1, 1989, R.C.T. entered into a lease, prepared by appellee, wherein appellee leased the property known as Schultz's Lounge to R.C.T. for a five year term, with an option to renew for one additional five year term. On or about August 4, 1994, appellee provided Schultz with a lease renewal agreement, which appellant signed. In 1999, Schultz's[1] second attempt to renew was rejected by appellee and is the basis for this appeal.
On May 12, 1998, R.C.T., Inc., Thomas Schultz ("Shultz"), and Joe Doyle ("Doyle"), appellants, filed a joint complaint against appellee, Consolidated Management Inc. ("Consolidated") alleging that Consolidated unreasonably reduced the parking available during the demolition and construction of a portion of the building adjacent to appellant's rental property. Appellee filed its answer on June 11, 1998.
On July 11 1999, appellee filed a motion for summary judgment raising thirteen (13) issues. Subsequently, on November 10, 1999, appellee filed an eviction action in the Mentor Municipal Court against appellants. On November 30, 1999, the trial court denied in part and granted in part appellee's motion for summary judgment. The Mentor Municipal Court entered a judgment entry in favor of appellee on January 3, 2000. The trial court complied with Civ.R. 54(B) by making the determination that there was no just reason for delay.
Appellant appeals the November 30, 1999 judgment of the Lake County Court of Common Pleas and assigns the following error:
 "The trial court committed reversible error when it granted Appellee's Motion for Summary Judgment on the issue of Appellant Schultz's option to renew as genuine issues of material fact remain and Appellant is entitled to trial by jury."
 Appellee assigns the following errors in his cross appeal:
 "[1]. The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment on all claims pertaining to constructive eviction.
 "[2.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment on all claims of waiver by Appellees and Cross-Appellants pursuant to the written waivers contained in all the Leases.
 "[3.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment that there was no unreasonable diminution of plaintiff's non-exclusive license to parking.
 "[4.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment on all claims that covenants in the Lease which restrict the owner in the use of his property are to be strictly construed against said restrictions.
 "[5.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment on al claims pertaining to the defects in the Lease which cause it to violate the statute of conveyances (R.C. 5301.01 and 5301.08).
 "[6.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment that Shultz had no standing as an individual to bring suit under the written Lease.
 "[7.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment on al1 claims pertaining to breach of the covenant of quiet enjoyment.
 "[8.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment that Appellants and Cross-Appellees are not entitled to any damages.
 "[9.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment that the prayer in the Complaint be stricken for violating Rule 8(A), O.R.C.P.
 "[10.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment that because Appellants and Cross-Appellees have not fulfilled the lease covenant to furnish insurance their claims are barred.
 [11.] The trial court erred to the prejudice of Appellee and Cross-Appellant by denying summary judgment as to all claims because it has not breached the Leases."
 Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47, 517 N.E.2d 904.
In Dresher v. Burt, (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. at 293.
 Summary judgment should be granted if it appears from the evidence that reasonable minds could come to one conclusion and that conclusion is adverse to the party against whom it is made. See, e.g. Fryberger v. Lake Cable Recreation Association, (1988) 40 Ohio St.3d 349, 350, 533 N.E.2d 738. In the case sub judice, the issue is whether reasonable minds could come to differing conclusions as to whether Shultz had the right to exercise an additional option to renew. Relevant to this inquiry are paragraph nine of the original lease and the lease renewal agreement.
Paragraph nine of the lease executed by Consolidated and R.C.T. in 1994, contains the option to renew provision:
"9. OPTION TO RENEW
 "Option to renew. Provided Lessee is not in default under any of the terms and provisions herein contained, Lessor hereby grants to Lessee the option to renew this lease for ONE (1) additional FIVE (5)
year period(s), commencing on the day following the expiration of the original term.
 "Any such rental term shall be upon all the conditions as the original lease term, except that rent shall be adjusted as follows: * * *"
 The lease renewal agreement, drafted by appellee, provided the terms and conditions for a new five (5) year lease and further provided: "[a]ll other terms, conditions and covenants of the existing lease shall apply and remain in effect as though fully rewritten."
Appellant argues that since appellee did not exclude paragraph nine from the lease renewal, it is necessarily included as a term, condition, or covenant contained in the original lease, thereby creating a new option to renew for one (1) additional term of five (5) years. Appellee argues that its letter of August 4, 1994 was not a lease within the purview of R.C. 5301.01, and therefore cannot convey an estate without any further renewal right. R.C. 5301 provides, in pertinent part:
 "* * * The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settlor and trustee, in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settlor and trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe his name to the certificate of the acknowledgment."
 Additionally, appellee argues that it is entitled to affirmation of the trial court's decisions based upon res judicata. Appellee contends that the January 3, 2000 judgment entry bars the instant appeal.
A review of the record reveals that appellee filed an eviction action in Mentor Municipal Court against appellants, on November 10, 1999, and a judgment entry was entered, on January 3, 2000, for appellee. However, the judgment entry granting summary judgment was issued on November 30, 1999. The judgment entry granting summary judgment preceded the eviction judgment entry. Thus the November 30 judgment entry is not barred by resjudicata by the eviction judgment entry subsequently issued, on January 3, 2000.
Appellee also argues that the renewal agreement is an independent writing and that it fails to comply with R.C. 5301.01. Appellant contends that the renewal agreement does not fall within the purview of the statute of frauds.
"As a general rule, where a written lease provides for its renewal or extension for an additional term at the option of the lessee, the exercise by the lessee of his option is not affected by the statute of frauds. * * *." "However an independent agreement by which a lease is extended for more than a year falls within the statute of frauds unless in writing. * * *." 67 Corp. v Elias (1965), 3 Ohio App.2d 411, 415,210 N.E.2d 734, citing 49 American Jurisprudence, 524, Statute of Frauds, Section 196. In 67 Corp., the tenth appellate district court held that where a lease does not contain an option to renew, the grant of an additional term is, for purposes of R.C. 5301.01, "an independent and separate transaction and requires its own compliance" with the formalities of execution in the statute. 67 Corp. v. Elias (1965),3 Ohio App.2d 411, syllabus paragraph 3. Since the lease sub judice did contain an option to renew, the renewal agreement would not be an independent transaction requiring compliance with the formalities of 5301.01.
 Construing the agreements together, and against appellee, reasonable minds could come to the conclusion that appellant is entitled to one additional five year term. A lease shall be construed strictly against the drafter. Bellish v. C.I.T. Corp.,
(1943), 142 Ohio St. 36, 50 N.E.2d 147, paragraph one of the syllabus. Appellee drafted the lease and the lease renewal agreement. As drafter of the renewal agreement, the onus was on appellee to exclude the reference in the original lease that provided for an option to renew.
Upon review of the record and the entire file, construing the evidence in a light most favorable to appellant, we find that genuine issues of material fact exist as to whether the renewal was intended to include an option to renew; therefore, appellee was not entitled to judgment, as a matter of law. Since appellee did not satisfy its burden, the trial court erred in granting it summary judgment. See Dresher, supra. Appellants' sole assignment of error is with merit.
Appellee/cross-appellant assigns eleven assignments of error all of which are based on the trial court's denial of summary judgment. "An order denying a motion for summary judgment is not a final appealable order." State ex. rel. Overmeyer v. Walinski, (1966) 8 Ohio St.2d 23,23, 222 N.E.2d 312. The claims upon which appellee-cross appellant bases its assignments of error are still pending before the trial court. An order denying summary judgment is reviewable on appeal by the movant from a subsequent, adverse judgment. English Realty, Inc., v. Alward (Dec. 30, 1982), Geauga App. No. 1049, unreported, 1982 WL 5735 at 1.
Appellee/cross-appellants first through eighth, tenth and eleventh assignments of error are not final appealable orders as they are pending in the Lake County Court of Common Pleas. Appellee/cross-appellant's ninth assignment of error asserts that the trial court erred in denying summary judgment on the prayer in the complaint because it exceeds the $25,000 permitted to be stated in the demand for judgment. However, the trial court did, in fact, grant appellee/cross-appellant's motion regarding appellant's prayer for relief. In accordance with Civ.R. 8(A), the trial court struck appellant's request for damages in excess of $200,000 and reformed the request to state an amount in excess of $25,000.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed and remanded as to appellant's sole assignment of error; dismissed for lack of a final appealable order as to appellee/cross-appellant's first through eighth, tenth and eleventh assignments; affirmed as to appellee/cross-appellant's ninth assignment of error; and reversed and remanded to the trial court for action consistent with this opinion on appellee/cross-appellant's request for damages to be reformed to $25,000 pursuant to Civ.R. 8(A).
 ____________________________________ JUDGE ROBERT A. NADER
FORD, P.J., GRENDELL, J., concur.
[1] Schultz attempted to renew the lease on behalf of his business, R.C.T. The original lease was signed by Schultz individually and on behalf of R.C.T.