[Cite as *Eckart v. Newman*, 2019-Ohio-3211.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

Roger Eckart, et al.                                    Court of Appeals No. WM-18-006

     Appellees                                        Trial Court No. CVG 1800063

v.

Daniel Newman                                        **DECISION AND JUDGMENT**

     Appellant                                        Decided:  August 9, 2019

* * * * *

Christopher B. Walker, for appellees.

Stephen M. Maloney and Kayla A. Baker, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Daniel Newman, appeals the August 14, 2018 judgment of the Bryan Municipal Court, granting restitution of real property to appellees, Roger and Patricia Eckart, and ordering Newman to vacate the property through a forcible entry and detainer action.  For the reasons that follow, we affirm the trial court's judgment.

## I.  Background

{¶ 2} On July 24, 1999, Newman and the Eckarts entered into a land contract in which Newman agreed to purchase a parcel of real property from the Eckarts.  On October 15, 2015, the Eckarts filed a foreclosure action in the Williams County Court of Common Pleas against Newman for alleged breach of the land contract.  The parties privately resolved the foreclosure action and memorialized the terms of their settlement through a court-approved consent entry, dated December 9, 2016.[1]  The terms of that entry relevant to this appeal state:

> Plaintiffs Roger C. Eckart and Patricia L. Eckart and Defendant Daniel Newman, in consideration of the benefits received by the parties respectively, agree to cancel and terminate the Land Contract which they entered on July 24, 1999 and recorded on July 26, 1999 in Book 434, Pages 399-4040 in the Williams County Recorders' Office and as subsequently modified by the parties if those modifications were not formally recorded.
>
> * * *
>
> Defendant Daniel Newman shall execute, within 30 days from the filing of this Consent Judgment Entry, a Quit Claim Deed of any interest he may have in [the property] to Roger C. Eckart and Patricia L. Eckart.

---

[1] The facts and procedure underlying the foreclosure action are not relevant to this appeal.  It is only the consent judgment entry agreed to by the parties and entered into the record in the present action that is relevant to our decision.

2.

* * *

Defendant Daniel Newman, for himself only, shall have the right to live on the [property] for the remainder of his natural life with no payments being due and payable to Plaintiffs Roger C. Eckart and Patricia L. Eckart.

* * *

Defendant Daniel Newman shall communicate directly with attorney Mark S. Tipton in January 2017 and each January thereafter to confirm to Plaintiffs Roger C. Eckart and Patricia L. Eckart that he is still living.  He shall also, at that time, provide to attorney Tipton the names, addresses, and telephone numbers of three of his near relatives or close friends.  Should Defendant Daniel Newman fail to do so, Plaintiffs Roger C. Eckart and Patricia L. Eckart may evict him from the premises.

* * *

Defendant Daniel Newman shall, within 30 days from the filing of this Consent Judgment Entry, convey to Plaintiffs Roger C. Eckart and Patricia L. Eckart a valid and unencumbered title to the 1999 Impression mobile home presently situated on [the property].

{¶ 3} Thereafter, on March 3, 2017, Newman filed a quitclaim deed that granted the property to the Eckarts.  Specifically, the deed states that "Daniel Newman aka Daniel L. Newman, an unmarried man of legal age, pursuant to Case No. 15CI000121 of

3.

the Common Pleas Court, Williams County, Ohio" grants the real property to "Roger C. Eckart and Patricia L. Eckart, husband and wife, for their joint lives, remainder to the survivor of them." The quitclaim deed also explicitly states the following:

This deed terminates a Land Installment Contract which was recorded in Volume 434, Page 399, Deed Records, Williams County, Ohio and further conveys any and all ownership interest which Grantor may have in the real property.

{¶ 4} On March 28, 2018, the Eckarts sent Newman a notice to leave the premises based upon his failure to comply with the terms of the consent entry. Newman failed to vacate the premises, and the Eckarts filed the present forcible entry and detainer action with the Bryan Municipal Court on May 17, 2018. The matter proceed to a bench trial on June 25, 2018.

{¶ 5} At trial, the following facts were established: Newman failed to contact the Eckarts' counsel in January 2018, to confirm that he was still living and to provide the Eckarts' counsel with the names, addresses, and telephone numbers of three of his near relatives or close friends. Further, Newman also failed to convey title to the mobile home situated on the property to the Eckarts as required by the consent entry. The trial court found that Newman's failure to comply with these terms violated the consent entry and permitted the Eckarts to evict him. The trial court ordered Newman to vacate the property by July 6, 2018.

4.

{¶ 6} On that date, Newman filed a motion to vacate the judgment as being void ab initio and to dismiss the action based on the trial court's lack of subject-matter jurisdiction. Newman argued in his motion that there was a dispute regarding title to the property, the resolution of which was under the exclusive subject-matter jurisdiction of the court of common pleas. In support of his motion, he included a copy of the quitclaim deed conveying his interest in the property to the Eckarts which was recorded with the Williams County Recorder's office. The trial court denied Newman's motion to vacate and dismiss with an entry dated August 13, 2018. The trial court's judgment from the June 25, 2018 trial was memorialized in a judgment entry dated August 14, 2018. Newman appeals from that entry.

{¶ 7} Newman asserts three assignments of error for our review:

I. The municipal court erred, as a matter of law, by rendering judgment because it lacked subject matter jurisdiction.

II. The municipal court erred by finding defendant-appellant is a person subject to a forcible entry and detainer action.

III. The municipal court erred, by finding defendant-appellant breached the parties' settlement agreement.

## II. Law and Analysis

### A. The Municipal Court had Subject-Matter Jurisdiction

{¶ 8} In his first assignment of error, Newman argues the Bryan Municipal Court lacked subject-matter jurisdiction because, according to Newman, although the Eckarts

filed this case as a forcible entry and detainer action—seeking to evict Newman for failing to comply with the terms of the parties' consent entry—Newman had a life estate in the property by virtue of that same consent entry. Newman argues that because he claimed to have a life estate, which implicates title to the property (rather than mere possession), this case is really an action to quiet title and therefore falls within the exclusive jurisdiction of the common pleas court. For this reason, Newman claims that the municipal court lacked subject-matter jurisdiction and its judgment entry is void ab intio. We review such questions of subject-matter jurisdiction de novo.[2] *Price v. Margaretta Township Board of Zoning Appeals*, 6th Dist. Erie No. E-02-029, 2003-Ohio-221, ¶ 7, citing *Burns v. Daily*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (11th Dist.1996).

{¶ 9} R.C. 1901.18 establishes the subject-matter jurisdiction of Ohio municipal courts. Relevant here, R.C. 1901.18(A)(8) confers jurisdiction to municipal courts to hear actions of forcible entry and detainer. A forcible entry and detainer action is a statutory proceeding used to determine the right to present possession of real property. R.C. 1923.01 et seq.; *Haas v. Gerski*, 175 Ohio St. 327, 329, 194 N.E.2d 765 (1963). "It

---

[2] We note that Newman appealed the trial court's August 14, 2018 entry. He did not appeal the trial court's August 13, 2018 entry denying his motion to vacate, in which he argued that the judgment was void ab initio due to lack of subject-matter jurisdiction. However, since the defense of lack of subject-matter jurisdiction can never be waived and may be raised at any time, including for the first time on appeal, the issue of subject-matter jurisdiction is properly before us. *See Infinite Security Solutions, LLC v. Karam Properties I, Ltd.*, 2013-Ohio-4415, 2 N.E.3d 297, ¶ 10 (6th Dist.).

6.

is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract"—for example, a lease or land installment contract. *Behrle v. Beam*, 6 Ohio St.3d 41, 44, 451 N.E.2d 237 (1983).

{¶ 10} An action to quiet title, on the other hand, is a statutory proceeding under R.C. 5303.01 that "conclusively determine[s] the allocation of property interests." *Ochsenbine v. Cadiz*, 166 Ohio App.3d 719, 2005-Ohio-6781, 853 N.E.2d 314, ¶ 13 (7th Dist.). Actions to quiet title fall under the subject-matter jurisdiction of courts of common pleas. *Brown v. Arnholt*, 2016-Ohio-5741, 70 N.E.3d 971, ¶ 24 (5th Dist.). "There is no statutory authority that would confer jurisdiction upon a municipal court to hear and determine an action to quiet title" to real property. *Id.*

{¶ 11} The Supreme Court of Ohio has recognized, however, that where the right to present possession of real property is dependent upon the present title to that property, a municipal court, "as an incident to determining the right to possession[,] may determine in whom the present title rests."[3] *Haas* at 330. Indeed, "[w]ere [a party] not permitted to prove his right to possession by proving his record title, the forcible entry and detainer statute would have little meaning." *Id.* at 331. In *Haas*, the court determined that appellee held title to the property by duly-recorded deed and that "[f]or the purpose of the forcible entry and detainer action, this was conclusive of his right to present possession after having given the required notice to vacate the premises." *Id.* at 330-331. The court

---

[3] The municipal court's determination of title, however, merely determines the right to possession and "in no way binds the Court of Common Pleas." *Haas* at 330.

7.

issued the following controlling point of law: "[a] Municipal Court, under Section 1901.18 Revised Code, has jurisdiction to hear and determine a forcible entry and detainer action, where, although title to the realty is drawn in question, there is no question as to present record title." *Id*. at paragraph one of the syllabus.

{¶ 12} In a later decision, *State ex rel. Carpenter v. Warren Municipal Court*, 61 Ohio St.2d 208, 209-210, 400 N.E.2d 391 (1980), the Supreme Court of Ohio reaffirmed *Haas* by granting a writ of procedendo requiring a municipal court to hear a forcible entry and detainer action even though the defendant had filed a separate action to quiet title in the common pleas court. The court found that "[t]o allow the Municipal Court the discretion to stay proceedings in this cause would be to defeat the purpose of the forcible entry and detainer statutes (i.e., immediate possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals the relief they were intended to provide." *Carpenter* at 210.

{¶ 13} In this case, Newman claimed that the Eckarts could not forcibly evict him from the premises because the consent entry gave him a life estate in the property. Although this defense arguably brought the title of the property into question, it did not necessarily divest the municipal court of subject-matter jurisdiction. *See Haas* at paragraph one of the syllabus; *Carpenter* at 210. That is because, for purposes of a forcible entry and detainer action, present record title is conclusive evidence of property ownership, and there was only one instrument admitted into evidence that reflected present record title—the quitclaim deed. Under the quitclaim deed, Newman granted the

8.

subject property to the Eckarts and "conveys any and all ownership interest which Grantor may have in the real property." Although Newman argues that the terms of the consent entry are sufficient to establish a life estate in the property, this argument simply does not create a dispute over present record title as reflected in the recorded deed.

{¶ 14} Newman does, however, attempt to create an issue regarding record title by arguing that the quitclaim deed explicitly reserves a life estate because it states that Newman granted the property to the Eckarts "pursuant to Case No. 15CI000121 of the Common Pleas Court, Williams County, Ohio." According to Newman, such language "incorporated" the parties' consent entry because that document resolved case No. 15CI000121. He claims that the reference to case No. 15CI000121 in the quitclaim deed raised a "bona fide dispute" as to title and therefore divested the municipal court of jurisdiction. We disagree.

{¶ 15} When making this argument, Newman largely relies upon *Shepherd v. Beard*, 118 Ohio App. 544, 196 N.E.2d 126 (2d Dist.1962), which held that "a bona fide controversy as to title" will divest a municipal court of jurisdiction over a forcible entry and detainer action. *Shepherd*, however, was decided more than a year before the Supreme Court of Ohio announced, in *Haas*, that present record title is conclusive evidence of ownership for purposes of forcible entry and detainer actions. *Haas* at paragraph one of the syllabus. Thus, *Shepherd* is no longer good law to the extent that it fails to acknowledge that principle.

9.

**{¶ 16}** Moreover, a quitclaim deed conveys "the entire interest which the grantor could lawfully grant * * * unless it clearly appears by the deed * * * that the grantor intended to convey * * * a less estate." R.C. 5301.02. The relevant issue is therefore whether there is a genuine dispute that Newman's purported intention to reserve a life estate "clearly appears" in the quitclaim deed. We find that such an intention does not appear (let alone *clearly* appear) in the deed. The marginal reference to case No. 15CI000121 is insufficient, as a matter of law, to raise a genuine dispute regarding the Eckarts' record title to the property in this case. On its face, the recorded deed "conclusively" demonstrates, for purposes of the forcible entry and detainer action, that the Eckarts are the owners of the property. *Haas* at 330.

**{¶ 17}** This case is unlike *Fenner v. Parkinson*, 69 Ohio App.3d 210, 590 N.E.2d 339 (10th Dist.1990), a case in which the plaintiff initiated a forcible entry and detainer proceeding to evict the defendant from the premises on the grounds that plaintiff's federal tax deed was superior to defendant's deed. The appeals court found that the municipal court lacked jurisdiction because the plaintiff's "right of present title was disputed as evidenced by the facts of [that] case," which are distinguishable from this case for two major reasons. First, the court noted that a forcible entry and detainer action is one that is based upon a *contract* (such as a lease or land installment contract) and there was no underlying contractual relationship between plaintiff and defendant. *Id.* at 213-215. Second, in that case, "both plaintiff and defendant claim[ed] 'present record title' to the same premises by virtue of separate deeds. This is a classic quiet title controversy, and

10.

until such is judicially resolved, neither party can claim a superior right to possession." *Id.* at 214. Unlike *Fenner*, this forcible entry and detainer action is based upon a contract between the parties—the consent entry—and Newman does not hold a competing deed and is without color of title.

{¶ 18} For all of the above reasons, we find that the municipal court had subject-matter jurisdiction over the Eckarts' forcible entry and detainer action. Newman's first assignment of error is found not well-taken.

### B. Newman Waived Any Defenses not Raised in the Trial Court

{¶ 19} Newman's second assignment of error and third assignment of error, in part, request reversal of the trial court's judgment based on certain affirmative defenses. In his second assignment of error, Newman argues that he was not subject to a forcible entry and detainer action because he was not a "tenant" as defined by the statute. He further argues that, because he was not a tenant, the Eckarts lacked standing to bring such a claim. In his third assignment of error, Newman argues, in part, that the consent entry was unconscionable and therefore unenforceable and that the terms of the consent entry were ambiguous, resulting in a question as to whether he violated those terms. Because these arguments fail as a result of the same deficiency, we address these issues together.

{¶ 20} At trial, Newman, proceeding pro se, entered no evidence in his defense to the Eckarts' forcible entry and detainer and declined to testify on his own behalf. We note that "a *pro se* civil litigant is bound by the same rules and procedures as those who retain counsel. A *pro se* civil litigant, therefore, is held to the same standards as any

11.

other litigating party and must accept the results of his or her own errors or mistakes." *Holman v. Keegan*, 139 Ohio App.3d 911, 918, 746 N.E.2d 209 (6th Dist.2000). Therefore, if Newman failed to present any of the defenses raised on appeal for consideration by the trial court, we cannot consider those issues here. "It is a cardinal rule of appellate review that a party cannot assert new legal arguments for the first time on appeal." *Murray v. Auto-Owners Ins. Co.*, 2015-Ohio-3295, 40 N.E.3d 679, ¶ 26 (6th Dist.), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).

{¶ 21} The record in this case is devoid of any argument regarding the defenses on which Newman requests reversal of the trial court's decision. While forcible entry and detainer actions are intended to "provide a summary, extraordinary, and speedy method for the recovery of possession of real estate," the statute authorizing these actions also provides for the presentation of affirmative defenses. *Housing Authority v. Jackson*, 67 Ohio St.2d 129, 131, 423 N.E.2d 177 (1981); R.C. 1923.061. Since Newman's defenses were not presented to the trial court, they are waived and cannot be raised for the first time in this appeal. Therefore, all of Newman's second assignment of error and his third assignment of error, with regard to specific defenses, are found not well-taken.

## C. The Trial Court's Decision is not Against the Manifest Weight of the Evidence

{¶ 22} The balance of Newman's third assignment of error argues that the trial court erred by finding that he breached the terms of the consent entry. While not specifically stated, we interpret this argument as a challenge to whether the trial court's

12.

judgment was against the manifest weight of the evidence. This argument is without merit.

{¶ 23} An appellate court reviews judgments from the trial court following a bench trial under the manifest weight of the evidence standard. *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 12. The manifest weight standard is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23. "When weighing the evidence, the court of appeals must consider whether the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if 'the jury clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Quest Workforce Solutions, LLC v. Job1USA, Inc.*, 2016-Ohio-8380, 75 N.E.3d 1020, ¶ 41 (6th Dist.), citing *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." *Eastley* at ¶ 21.

{¶ 24} The trial court determined that the terms of the consent entry required Newman to contact the Eckarts' counsel in January each year and provide him with contact information for three relatives or close friends in order to retain his right to live on the property. He failed to do so in January 2018. He also failed to convey

unencumbered title of the mobile home situated on the property as required by the consent entry. Newman failed to provide any evidence to rebut these facts. As a result, the trial court determined Newman's failure to abide by these terms warranted judgment in the Eckarts' favor.

{¶ 25} After review of the record, we find no evidence on which to conclude the trial court lost its way so as to cause a manifest miscarriage of justice. The trial court's conclusion is not against the manifest weight of the evidence and Newman's third assignment of error is found not well-taken.

### III. Conclusion

{¶ 26} For the foregoing reasons, we find Newman's assignments of error not well-taken. We therefore affirm the August 14, 2018 judgment of the Bryan Municipal Court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

                                                  JUDGE

Arlene Singer, J.

Christine E. Mayle, P.J.
CONCUR.

                                                  JUDGE

                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.