[Cite as *Yorkland Ltd. v. Kildow*, 2025-Ohio-152.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| YORKLAND, LTD., | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| TIM KILDOW, et al., | : | Case No. 24 CAE 04 0028 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Delaware County
                                                                    Court of Common Pleas, Case No.
                                                                    24 CV H 03 0297


JUDGMENT:                                              Affirmed


DATE OF JUDGMENT:                            January 17, 2025


APPEARANCES:

For Plaintiff-Appellee                                For Defendants-Appellants

NICHOLAS S. BOBB                             J.C. RATLIFF
DANIELLE M. CRANE                           ROCKY RATLIFF
Kegler, Brown, Hill & Ritter                    KYLE PHILLIPS
65 E. State Street, Suite 1800                Ratliff Law Office
Columbus, Ohio 43215                         200 West Center Street
                                                                Marion, Ohio 43302

Baldwin, J.

{¶1} The appellants Tim Kildow and Warehouse Italian Dinners, LLC, ("Warehouse") appeal the April 29, 2024, judgment entry granting judgment to the appellees on its Forcible-Entry-and-Detainer Claim. The appellee is Yorkland, Ltd.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On June 30, 2017, the appellee acquired property at 1003 U.S. Highway 23 North, Delaware, Ohio 43015 (the "Property"). At the time of the appellee's acquisition, Tim Kildow, on behalf of Warehouse, was leasing the property at a rate of $3,250 per month under an oral lease. Payments of $3,250 continued. On September 15, 2023, the appellee informed the appellants that he was increasing the monthly rent to $4,000 per month, effective November 1, 2023.

{¶3} In April of 2023, the appellee approached Appellant Kildow about purchasing the Property. No purchase price was agreed to, and no option to purchase was ever reduced to writing.

{¶4} On June 19, 2023, the appellee offered to sell the Property to Appellant Kildow for $136,323, plus unspecified transfer costs. Appellant Kildow did not respond.

{¶5} On September 15, 2023, the appellee offered to sell the Property to Appellant Kildow for $150,000. He said the offer would remain open until December 31, 2023. No agreement was reached by the deadline.

{¶6} On November 30, 2023, the appellants made a $3,250 payment, thirty days late. The appellants did not pay the increased rent of $4,000. The appellants made no payments in December, January, or February.

**{¶7}** On February 28, 2024, the appellant posted a Notice to Leave Premises on the Property's front door. The Notice required the appellant's compliance within three days.

**{¶8}** On March 22, 2024, the appellee filed its Complaint in Forcible Entry and Detainer ("FED"), breach of contract, and declaratory judgment against the appellants.

**{¶9}** On April 11, 2024, the appellants filed a demand for a trial by jury in the FED claim and a motion for continuance of the trial date. The appellee opposed the demand for a jury trial. The trial court granted both the motion for continuance and held the FED claims would proceed before a jury.

**{¶10}** On April 17, 2024, the appellants filed a Notice of Waiver of Trial for the FED claims.

**{¶11}** On April 23, 2024, the trial court held a bench trial on the FED claims.

**{¶12}** At trial, the appellee argued that the appellants and the appellee had an oral month-to-month lease that the appellants breached by not paying rent and property taxes. The appellants argued that they had an agreement with the appellee for a land installment contract to purchase the Property, which they fulfilled.

**{¶13}** The trial court found that Warehouse and the appellee entered into an oral month-to-month lease. The trial court also found that the parties did not enter an oral agreement to purchase the Property.

**{¶14}** The appellants filed a timely notice of appeal and raised the following three assignments of error:

**{¶15}** "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THE ORAL AGREEMENT BETWEEN THE PARTIES WAS AN ORAL LEASE AGREEMENT."

{¶16} "II. THE TRIAL COURT ERRED WHEN IT DECIDED THE COMPLAINT IN FORCIBLE ENTRY AND DETAINER RATHER THAN IT BEING TRIED TO A JURY WITH ALL REMAINING ISSUES."

{¶17} "III. IF THE TRIAL COURT DID NOT ERROR WHEN IT DETERMINED THE ORAL AGREEMENT BETWEEN THE TWO PARTIES WAS AN ORAL LEASE AGREEMENT, THEN THE TRIAL COURT ERRED WHEN IT FOUND TERMS OF A TRIPLE-NET LEASE WITHOUT A WRITTEN LEASE AGREEMENT."

## I.

{¶18} In the appellants' first assignment of error, the appellants argue the trial court erred by determining the agreement between the parties was an oral lease agreement. We disagree.

## STANDARD OF REVIEW

{¶19} In the case *sub judice*, the trial court conducted a bench trial. We are not finders of fact. "[W]e neither weigh the evidence nor judge the credibility of witnesses." *Estate of DeChellis v. DeChellis*, 2019-Ohio-3078 (5th Dist.). Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base its judgment. *Cross Truck v. Jeffries*, 1982 WL 2911 (5th Dist. Feb. 10, 1982). We review questions of law de novo. *In re Estate of Quick*, 2004-Ohio-4434 (5th Dist.), ¶25.

{¶20} The Ohio Supreme Court held the standard of review for the manifest weight of the evidence in criminal cases is also applicable to civil cases. *Eastley v. Volkman*, 2012-Ohio-2179. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine

"whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.* at ¶20; *quoting Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

**ANALYSIS**

{¶21} Forcible entry and detainer is solely a "possessory action" brought to enforce a party's right to present possession; that is the sole and ultimate issue in a proceeding. *Fenner v. Parkinson*, 69 Ohio App.3d 210, 213 (10th Dist.1990); *citing Carroll v. O'Connor*, 25 Ohio St. 617 (1874); *Kuhn v. Griffin*, 3 Ohio App.2d 195 (6th Dist.1964).

{¶22} The appellants argue that they had a land-installment agreement to purchase the Property from the appellee. Ohio's statute of frauds requires that certain agreements must be in writing. R.C. §1335.05, states:

> No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶23} The alleged land-installment sale pertains to both an interest in land and was not to be performed within one year.

{¶24} The appellants argue that their payments are part of a land-installment contract, not rent payments. R.C. §5313.02 sets forth the minimum requirements of a

land-installment contract and requires those contracts to be written. As the appellants admit that the agreement was never memorialized in writing, no valid land-installment contract was ever formed.

{¶25} During the trial, Kevin Hensel, the sole member of the appellee, testified that he purchased the Property to allow Appellant Kildow to remain in business. He testified that he made no promises as to the future of the Property, including selling it to the appellants. The appellee did not wish to remain a landlord and had hoped to reach an agreement with the appellants to sell the Property. Over the course of the seven years since he purchased the Property, Hensel made several offers to the appellants. All such offers were either rejected or ignored. After one such offer in 2022, the appellants did not accept an offer to purchase the Property. They never mentioned that they believed a contract to purchase the Property was already in place. Hensel stated that he treated the payments received from the appellants as rental income on his tax returns and business records. As the trial court's determination is supported by relevant, competent, and credible evidence, it did not lose its way and create a manifest miscarriage of justice by determining that no land-installment contract existed, but the parties formed a month-to-month lease.

{¶26} The appellants also argue that the land-installment contract should be found valid due to the doctrine of part performance. "In order to establish part performance, a party must show: 1) evidence of a change in who possesses the land; 2) payment of all or part of the consideration for the land; and 3) improvements, alterations, or repairs on the land." *Bear v. Troyer*, 2016-Ohio-3363 (5th Dist.), ¶33. The appellants must have undertaken acts that "changed [their] position to [their] detriment and make it impossible

or impractical to place the parties in status quo." *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282 (1965).

**{¶27}** The trial court found the doctrine of part performance does not apply. Indeed, the appellants presented no evidence that they improved the property. Furthermore, no change in possession of the property occurred. The appellants had possession of the property when the appellee purchased it, and they continued to operate their business on the property after the purchase. As the trial court's determination is supported by relevant, competent, and credible evidence, it did not lose its way and create a manifest miscarriage of justice by determining that the doctrine of partial performance does not apply.

**{¶28}** Finally, the appellants argue that the land-installment contract should be enforced through promissory estoppel. Promissory estoppel is an equitable doctrine for preventing harm resulting from reasonable reliance upon false representations. *GGJ, Inc. v. Tuscarawas Cty. Bd. of Commrs.*, 2006-Ohio-2527 (5th Dist.), *citing Karnes v. Doctors Hosp.*, 51 Ohio St.3d 139, 142 (1990). The party asserting promissory estoppel bears the burden of proving, by clear and convincing evidence, all the elements of the claim. *In re Estate of Popov*, 2003-Ohio-4556 (4th Dist.). The elements necessary to establish a claim for estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance. *Schepflin v. Sprint-United Telephone of Ohio*, 1997 WL 1102026 (5th Dist. Apr. 29, 1997), *citing Stull v. Combustion Eng., Inc.*, 72 Ohio App.3d 553, 557 (3d Dist. 1991). Promissory estoppel does not take this matter outside the statute of frauds. "Courts generally apply the

promissory-estoppel exception to the statute of frauds defense 'only in narrow circumstances.' " *HAD Ents. v. Galloway*, 2011-Ohio-57 (4th Dist.), ¶26, *citing Beaverpark Assoc. v. Larry Stein Realty Co.*, 1995 WL 516469 (2d Dist. Aug. 30, 1995). For promissory estoppel to apply, there must be "either a misrepresentation that the statute of fraud's requirements have been complied with or a promise to make a memorandum of the agreement." *Id.* Neither applies here. There was no alleged misrepresentation that the statute of frauds' requirements had been satisfied. Accordingly, the alleged land-installment contract may not be enforced through promissory estoppel.

**{¶29}** As the alleged land-installment contract was not reduced to writing, and neither the part performance doctrine nor promissory estoppel applies in this situation, the appellants' first assignment of error is overruled.

## II.

**{¶30}** In the appellants' second assignment of error, the appellants argue the trial court committed reversible error by trying the forcible entry and detainer action separate from the counterclaims. We disagree.

### ANALYSIS

**{¶31}** The appellants do not point to the record where they brought this error to the attention of the trial court. "An appellate court will not consider any error which could have been brought to the trial court's attention and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982). Accordingly, a party forfeits and may not raise on appeal any error that arises during trial court proceedings if that party fails to bring the error to the court's attention at a time when the trial court could avoid or correct the error. *Goldfuss v. Davidson*, 1997-Ohio-401.

{¶32} However, this Court has the discretion to consider forfeited errors under the plain error doctrine. *Hill v. Urbana*, 1997-Ohio-400. For the plain error doctrine to apply, the party claiming error must establish (1) that " 'an error, *i.e.*, a deviation from a legal rule' " occurred, (2) that the error was " 'an "obvious" defect in the trial proceedings,' " and (3) that this obvious error affected substantial rights, *i.e.*, the error " 'must have affected the outcome of the trial.' " *Lewis v. Gravely*, 2016-Ohio-1502 (4th Dist.), ¶16; *quoting State v. Rogers*, 2015-Ohio-2459, ¶22.

{¶33} "The plain error doctrine is not, however, readily invoked in civil cases." *Id*. An appellate court "must proceed with the utmost caution" when applying in civil cases. *Goldfuss v. Davidson*, 1997-Ohio-401. In *Goldfuss*, the Ohio Supreme Court limited the doctrine to "extremely rare case[s] involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id*. "The plain error doctrine should never be applied to reverse a civil judgment simply * * * to allow litigation of issues which could easily have been raised and determined [during the trial court proceedings]." *Id*. Appellate courts "should be hesitant to decide [forfeited errors] for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination." *Sizemore v. Smith*, 6 Ohio St.3d 330, 332 (1983).

{¶34} In the case *sub judice*, the appellants did not show that the alleged error was brought to the attention of the lower court or that it warrants the application of the plain error doctrine. The appellants did not show that this error seriously affected the basic fairness, integrity, or public reputation of the judicial process. The appellants did not allege

that the outcome of the trial would have affected the outcome of the trial. The appellant merely stated that if they are successful with their counterclaim, then they will be entitled to specific performance. Therefore, we find the appellants' alleged error is not one of those extremely rare cases involving exceptional circumstances to which the plain error doctrine should be analyzed.

{¶35}  Accordingly, the appellants' second assignment of error is overruled.

## III.

{¶36}  In the appellants' third assignment of error, the appellant argues that the trial court erred in determining the terms of the oral month-to-month lease is a triple-net lease. We disagree.

## ANALYSIS

{¶37}  Again, forcible entry and detainer is solely a "possessory action" brought to enforce a party's right to present possession; that is the sole and ultimate issue in a proceeding. *Fenner v. Parkinson*, 69 Ohio App.3d 210, 213 (10th Dist.1990); *citing Carroll v. O'Connor*, 25 Ohio St. 617 (1874); *Kuhn v. Griffin*, 3 Ohio App.2d 195 (6th Dist.1964). As a forcible entry and detainer proceeding, the trial court merely found a month-to-month lease existed, the lease was breached by nonpayment of rent, and the appellee was entitled to possession. The full terms of the lease have yet to be litigated. Accordingly, this assignment of error is not ripe for review.

{¶38}  The appellants' third assignment of error is overruled.

## CONCLUSION

{¶39} Based upon the foregoing, the decision of the Delaware County Court of Common Pleas is, hereby, affirmed.

Baldwin, J.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.